■ RUBENSTEIN & RUBENSTEIN, Appellants, v. DOROTHY M. PAPADAKOS, Respondent.— Order entered May 1, 1968, denying motion to dismiss first affirmative defense and first counterclaim in amended answer, unanimously reversed on the law and motion granted with $50 costs and disbursements to appellants. The original answer contained a first defense and counterclaim pleaded together. On motion this was dismissed with leave to replead. It appears from the court's opinion that the matter pleaded constituted neither a defense nor a counterclaim. Defendant served an amended answer pursuant to leave granted. In this amended answer there is, *inter alia*, a first defense, a second defense and a first counterclaim. The first defense and the first counterclaim are under attack here. The first defense pleads the same matter in virtually the same words as the defense previously dismissed  In essence, it alleges that plaintiffs, former attorneys for defendant, failed to introduce certain evidence on her behalf. It has already been adjudicated that this matter does not constitute a defense and the permission granted to replead did not extend to pleading this matter as such. The second defense, not under attack here, alleges that plaintiffs failed to inform defendant of an offer of settlement, which offer exceeded the award made by the court. The matter embraced in the first and second defenses is pleaded as the first counterclaim. While a failure to disclose an offer of settlement and submit to the client's judgment for acceptance or rejection is improper practice and could under certain circumstances constitute a defense to an action for legal services, it does not in and of itself give a right to affirmative relief. First the client must show damage from the omission which would result only in the event that the offer would have been accepted. While the failure to so plead would ordinarily be considered an inadvertence allowing a repleading, here defendant has unequivocally conceded that the offer would have been rejected. Under the circumstances leave to replead would be unavailing. Concur — Eager, J. P., Steuer, Rabin, McNally and Bastow, JJ.

■ In the Matter of SOL ANCIS, Petitioner, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.— Determination revoking petitioner's license as a real estate salesman, unanimously modified on the law and in the exercise of discretion to the extent of reducing the penalty to a three-month's suspension, commencing from the date of the order to be entered hereon; and, as so modified, the determination is confirmed, without costs or disbursements. The enforcement of the revocation of petitioner's license was stayed pending disposition of this article 78 proceeding, which was transferred to this court pursuant to CPLR 7804 (subd. [g]). The determination finding petitioner guilty of untrustworthiness is supported by substantial evidence. However, in our opinion, under all the circumstances, the penalty of revocation of petitioner's license was excessive and unduly disproportionate to the offense. On the record before us, a suspension for a period of three months would be more appropriate. Concur — Stevens, J. P., Eager, Tilzer, McGivern and Rabin, JJ.