(May 27, 1969)

■ DOROTHY TELARO, Appellant, v. RUDOLPH TELARO, Respondent.— Judgment entered January 15, 1969, dismissing complaint, after trial, unanimously affirmed, with $50 costs and disbursements to respondent. The joint account in question "with right of survivorship and not as tenants in common" was concededly created in the year 1956; the Customer's Agreement dated February 10, 1965, and the Joint Account Agreement, dated February 10, 1965, containing the phrase "on the same terms and conditions as theretofore held", may fairly be held and regarded legally as referable to the 1956 document. And the proof indicates it was treated by the brokerage house as an old and as the same account, until February 15, 1965, at which time a new account was opened in the name of Rudolph Telaro, himself alone. Accordingly, the Trial Justice was correct in his application of the law as it existed in the year 1956, to the effect that where the parties are husband and wife and the sole source of the fund is the husband, and such was the finding of the trial court on a preponderance of evidence, there is a presumption that by placing it in both names he intended to confer on the wife a right of survivorship only, with no present interest of ownership whatsoever. Although it would be hers on his death, until then he could exercise ownership. So run the cases (*Belfac* v. *Belfac*, 252 App. Div. 453, affd. 278 N. Y. 563; *Matter of Wachs*, 50 Misc 2d 565; *West* v. *McCullough*, 123 App. Div. 846, affd. 194 N. Y. 518). Section 3-311 of the General Obligations Law, abrogating the foregoing rule, is of no avail to plaintiff wife as it was not enacted until 1959, and is not retroactive as to any interest, right or survivorship existing prior to April 20, 1959. (See General Obligations Law, § 1-203, subd. 5.) Concur — McGivern, J. P., Markewich, McNally and Bastow, JJ.

■ In the Matter of ARTHUR WEINER et al., Petitioners, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, et al., Respondents.— Determination, dated June 5, 1968, suspending real estate broker's license of petitioner Weiner and real estate salesmen's licenses of petitioners Bonello and Spitzer for six months, unanimously modified on the law and in the exercise of discretion to the extent of reducing the penalty to three months' suspension commencing from the date of the order to be entered herein, and, as so modified, confirmed, without costs or disbursements. The enforcement of the determination was stayed pending dispostion of the article 78 proceeding, which was transferred to this court pursuant to CPLR 7804 (subd. [g]). The determination finding petitioners guilty of untrustworthiness is supported by substantial evidence. However, in our opinion, under all the circumstances the sanctions imposed were excessive and unduly disproportionate to the offense. On the record before us, a suspension for a period of three months would be more appropriate. (*Ancis* v. *Lomenzo*, 31 A D 2d 615.) Concur — McGivern, J. P., Markewich, McNally and Bastow, JJ.