■ BERNARD-CHARLES, INC., et al., Petitioners, v MARIO M. CUOMO, as Secretary of State of the State New York, et al., Respondents.—Determination of respondent Secretary of State dated December 3, 1976, revoking petitioner Bernard-Charles, Inc.'s, real estate broker's license, the licenses of its two representative brokers, Charles Levinsohn and Bernard Posner, the latter's individual broker's license and the salesman Herbert Posner's license, is unanimously modified, on the law, so as to reduce the penalty to 30-day suspension of (a) the real estate broker's license of Bernard-Charles, Inc., (b) the representative licenses of Charles Levinsohn and Bernard Posner and (c) the salesman's license of Herbert Posner and to annul the revocation of the individual license of Bernard Posner, and otherwise confirmed, without costs and without disbursements. In this article 78 proceeding transferred to this court pursuant to CPLR 7804 (subd [g]) by order of the Supreme Court, New York County, entered December 30, 1976, petitioners seek to have respondents' determination annulled because the findings were not supported by substantial evidence. Alternatively, petitioners urge the penalties imposed be reduced because of excessiveness. Bernard Posner also contends revocation of his individual license was improper for he was not given notice that this license was in jeopardy. After a hearing held on October 6, 1976, the hearing officer concluded petitioners were

engaged in screening or steering apartment seekers on the basis of the applicant's race. The record discloses that when the first tester, a Black man, inquired as to the availability of a one-bedroom apartment in the $300 to $350 price range, he was told there were "only two apartments available" both located at 72 Barrow Street. Within an hour the second tester, a white man, made a similar inquiry and was told about an apartment at 244 West Fourth Street, another on West 12th Street, two at 72 Barrow Street and an unidentified duplex. One week later a second test was conducted and again, although each tester requested a one-bedroom apartment in the $350 price range, the white tester was referred to the 244 West Fourth Street address while the Black tester was not. Since the record contains enough evidence from which it can be reasonably inferred petitioners misrepresented the availability of apartments to apartment seekers on the basis of the latter's race, there is substantial evidence to support the hearing officer's finding of discrimination. (*Matter of Stork Rest. v Boland,* 282 NY 256, 274.) But because petitioners, who have been engaged in business since 1958, are first offenders, and the offense committed here appears to be isolated in nature rather than part of a continuing or systematic pattern of discriminatory activities, we find the penalty excessive (*Matter of Pell v Board of Educ.,* 34 NY2d 222), and as to all of the petitioners, except with respect to Bernard Posner's individual license, modify the penalty to the extent of vacating the revocation of petitioners' licenses and in lieu thereof suspend the same for 30 days. (Cf. *Matter of Weiner v Lomenzo,* 32 AD2d 634 and *Ancis v Lomenzo* (31 AD2d 615). Although Bernard Posner received notice that his representative license was threatened, he did not receive notice his individual license was under attack. The failure to give him that notice renders suspension or revocation of his individual license violative of administrative due process. (1 NY Jur, Administrative Law, § 126.) The revocation of his license was therefore improper and respondents' determination to do so is hereby annulled. Concur—Kupferman, J. P., Evans, Capozzoli, Lane and Yesawich, JJ.