■ In the Matter of DAVIS R. CHANT et al., Petitioners, v DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent.—Determination of the respondent New York State Department of State, dated March 19, 1976, finding, *inter alia,* that the petitioners Davis R. Chant, Peter Helms, and Gary Lutfy "personally and individually have demonstrated a lack of honesty and integrity in dealing with the public and have misrepresented material facts upon which members of the public relied to their financial loss", and have "violated the provisions of Section 338-5(b) of Article 9-A of the Real Property Law and Regulation 135.16(c) promulgated thereunder", unanimously modified, on the law, to the extent of annulling and vacating the finding that the individuals were guilty of the violations recited, and

otherwise confirmed, without costs or disbursements. The individual petitioners Chant, Helms, and Lutfy were officers of the Greenbriar Development Company, Inc., which corporation was engaged in the development and sale of vacant land in Shohola Township, Pike County, Pennsylvania. The subdivision was known as "Shohola Falls Trails End." Offering statements were filed with the New York State Department of State. The department accepted the statements, thereby permitting the solicitation for sale in New York of a total of 1,500 camp sites. Complaints were received by the Department of State from individuals who had purchased sites from Greenbriar and who claimed that misrepresentations were made to them by Greenbriar. A hearing was scheduled and a notice of hearing was sent only to Greenbriar Development Company alleging a violation of article 12-A of the Real Property Law. No notice was sent to the individual petitioners and they were not named as parties respondent. At the hearing, various purchasers testified about their complaints. None of the individual petitioners, other than Chant, was present at the hearing. There was no testimony adduced against the individual petitioners. At the conclusion of the proceedings, the hearing officer nonetheless found the individual petitioners guilty of violation of section 338 (subd 5, par [b]) of the Real Property Law and its attendant regulation. Fundamentals of due process require that individuals accused of untrustworthiness be given notice of the charges preferred against them in order to afford an opportunity to appear and refute those charges (*Board of Regents v Roth*, 408 US 564; *Matter of Cohen v Department of Mental Hygiene of State of N. Y.*, 48 AD2d 697). The failure to give notice of the charges and offer an opportunity to these individuals to be heard was violative of administrative due process (*Bernard-Charles, Inc. v Cuomo*, 58 AD2d 535, 536). Furthermore, no evidence was adduced at the hearing showing knowing and willful violations by the individual petitioners, as required by law (Real Property Law, § 338, subd 5, par [b]), and therefore, in any event, there was no basis for the findings of the hearing officer against the individual petitioners. We have therefore annulled the determination of the respondent as against the individuals Chant, Helms, and Lutfy. Concur—Murphy, P. J., Evans, Lane and Markewich, JJ.