■ In the Matter of BREWER FUNERAL HOME, INC., et al., Petitioners, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Warren County) to review a determination of respondent Commissioner of Health which found that petitioners had violated the provisions of article 34 of the Public Health Law and, accordingly, imposed a penalty on petitioners of $1,000. Petitioners are engaged in the practice of funeral directing, with petitioner Arthur Brewer being a licensed funeral director as well as a stockholder in the petitioner corporation, which owns and operates the Brewer Funeral Home in Lake Luzerne, New York. On February 1, 1978 respondent Commissioner of Health issued a statement of charges against petitioners as a result of complaints and inquiries which he had received relative to petitioners' conduct in their practice of funeral directing. Following a hearing on these charges and an additional charge that was later added as an amendment to the statement of charges, the hearing officer recommended that all 23 charges against petitioners be dismissed. Thereafter, upon concluding that this recommendation could not be accepted *in toto,* respondent narrowed the list of 23 charges by finding petitioner guilty of three specific infractions, for which a civil penalty of $1,000 was imposed. This proceeding ensued, and we shall consider each of petitioners' alleged infractions individually. Examining initially respondent's determination that petitioners failed to give the parties arranging the funeral of one Helen O'Connor, at the time those arrangements were being made, a complete itemized list of the services and merchandise to be supplied for the funeral, as required by section 3440-a of the Public Health Law and 10 NYCRR 78.1, we find this determination to be without substantial evidentiary support in the record. The testimony on this matter of Mr. and Mrs. Stengel, who

arranged the funeral, is equivocal at best and indicates only that, while they could not remember receiving an itemized statement, such a statement might well have been given to them by petitioners. Moreover, in their defense petitioners submitted the required itemized statement, and Mr. Stengel acknowledged that the signature at the bottom thereof, approving the arrangements, was his own. Additionally, there is no evidence indicating that the statement was not given to the Stengels in a timely manner when the funeral arrangements were being made, and under all these circumstances it cannot reasonably be inferred that petitioners did not comply with the requirements as to itemized statements. Accordingly, respondent's ruling on this charge cannot be sustained *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Turning to respondent's further determination that petitioners were guilty of misconduct, in violation of section 3450 (subd 1, par [f]) of the Public Health Law, in that they used high pressure sales tactics upon customers who were arranging funerals in an attempt to persuade these customers to purchase more costly funerals, this ruling must also be annulled. Although the situation has since been rectified, at the time of the challenged ruling herein, there were no administrative guidelines to give meaning to or define the term "misconduct" so that funeral establishments were then without notice as to what acts or conduct would have constituted misconduct under the statute. That being so, any penalty imposed upon petitioners under this statutory standard of "misconduct" in this instance would effectively serve to deny them due process of law as guaranteed to them by the Fourteenth Amendment to the United States Constitution *(Giaccio v Pennsylvania,* 382 US 399). Consequently, such a penalty cannot be permitted, and insofar as it was applied to the present petitioners, section 3450 (subd 1, par [f]) of the Public Health Law must be declared unconstitutionally vague. As for the last charge of wrongdoing against petitioners which was upheld by respondent, we find that substantial evidence does support the finding that petitioners were guilty of misrepresenting the amounts of cash advances which they made for customers in arranging funerals. Petitioners concede that, when ordering flowers for funerals, they regularly received a trade discount of 20% off the price which would have been paid had individuals made the subject purchases. Nonetheless, they also admit that they billed customers for the full price of the flowers without the discount and represented to the customers that they had made cash advances for the amount of the full price. Significantly, this hidden profit was even further camouflaged in that petitioners listed the sales tax on the flower purchases as though the full price had been paid. With these circumstances prevailing, respondent's factual finding that petitioners were guilty of misrepresentation is clearly supported by the record. Moreover, while respondent could not properly rule that this practice constituted "misconduct" under section 3450 (subd 1, par [f]) of the Public Health Law for the reasons cited above, it clearly constituted "misrepresentation" and "deceit" as prohibited by section 3450 (subd 1, par [e]) of the Public Health Law, and we so find (see 1 NY Jur, Administrative Law, § 182). Lastly, we note that this matter must be remitted to respondent for reconsideration of the penalty imposed because of our annulment of two of the three findings of wrongdoing. Determination modified, by annulling so much thereof as found petitioners guilty of (1) failing to provide a complete itemized list of services and merchandise and (2) misconduct in the use of high pressure sales tactics, and matter remitted for reconsideration of the appropriate penalty to be imposed upon petition-

ers, and, as so modified, confirmed, with costs, to petitioners. Kane, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.