∎ In the Matter of SHALOM BROKERAGE, INC., et al., Petitioners, v ALBERT B. LEWIS, Respondent.—Determination of Superintendent of Insurance, dated June 19, 1979, which revoked all licenses issued by the Department of Insurance to petitioners Shalom Brokerage, Inc., and Victor Rivera, Jr., and denied any and all pending applications of said petitioners for licensure or renewal thereof or relicensure and imposed a penalty of $200 on petitioner Leslie Adler and revocation dated June 26, 1979 of the individual license of petitioner Richard E. Rivera, unanimously modified, on the law, without costs or disbursements, to the extent only of vacating the revocation of Richard E. Rivera's individual license to act as an insurance broker and otherwise affirmed. There was substantial evidence to support the various specifications of misfeasance with which Shalom Brokerage, Inc., Victor Rivera, Jr., and Leslie Adler were charged and found to have committed. Accordingly, these determinations will not be disturbed (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). The penalties imposed for these violations were not excessive, considering the large amount of fiduciary funds mishandled and the many complaints received (*Matter of Pell v Board of Educ., supra,* pp 233-234). Shalom Brokerage, Inc., Victor Rivera, Jr., and Leslie Adler were the sole respondents in the departmental proceedings. Richard E. Rivera was not named as a respondent in said proceedings. His name was not listed in the notice of hearing or the citation, nor was he referred to in the Superintendent's determination. Nevertheless, his individual license was revoked by the Superintendent's letter dated June 26, 1979. Authority for the license revocation of Richard E. Rivera is said to be found in subdivision 10 of section 119 of the Insurance Law. That section, so far as pertinent, provides: "Before revoking * * * the license of any insurance broker the superintendent shall * * * give notice to such broker and to every sublicensee named in such license and shall hold, or cause to be held a hearing." The Superintendent contends that because Richard E. Rivera was served with the citation and his name mentioned in the specifications which alleged misconduct, he therefore received sufficient notice under subdivision 10 of section 119 of the Insurance Law that his individual license was subject to revocation. We hold that this did not constitute such notice to Richard E. Rivera as is required by the statute. The Superinten-

dent also claims that notice to Shalom Brokerage, Inc., that its license was in danger was also notice to Richard E. Rivera that the continued viability of his individual license was questionable. The Superintendent thus seeks to bridge the gap between notice given to Shalom Brokerage, Inc., and notice required to be given Richard E. Rivera. That gap cannot in this manner be hurdled. It does not follow from the fact that notice of possible revocation was given to Shalom Brokerage, Inc., that Richard E. Rivera was put on notice that his individual license was in jeopardy. The statute clearly directs that specific notice that a particular license is threatened must be given. The failure to give specific notice to Richard E. Rivera of proceedings to revoke his individual license denied him administrative due process to which he was entitled *(Bernard-Charles, Inc. v Cuomo,* 58 AD2d 535; *Chant v Department of State of State of N. Y.,* 60 AD2d 535). The Superintendent further argues, in effect, that because Richard E. Rivera "appeared at the hearing with his attorney * * * participated fully, and * * * failed to show that he was not personally at fault," he waived the notice specified in the statute. The record does not establish the Superintendent's claim of waiver. Richard E. Rivera did not answer the citation or otherwise appear in the proceedings before the Superintendent. Although Richard E. Rivera was present with his attorney at the hearing, he did not participate therein except briefly when called to verify his signature on a document. Such conduct does not constitute waiver *(Bernard-Charles, Inc. v Cuomo, supra; Chant v Department of State of State of N. Y., supra).* Richard E. Rivera did not testify in his own behalf. It may very well be that had he been furnished with the notice requisite for party status, an indispensable warning that his individual license was in jeopardy, he would not have assumed a passive role but would have undertaken an active defense. Concur—Birns, J. P., Fein, Markewich, Lupiano and Ross, JJ.