■ In the Matter of Joseph Guidetti et al., Petitioners, v Robert P. Whalen, Respondent.—Determination and order of respondent (Robert P. Whalen, Commissioner of Health, New York State Department of Health), dated November 6, 1978, unanimously modified, without costs or disbursements, on the law and in the exercise of discretion, to the extent of vacating the findings and conclusions in conclusion AA of the hearing officer's supplemental report, and the penalty imposed by respondent, remanding for the imposition of an appropriate penalty not to exceed a fine of $10,000 and otherwise confirmed. In this CPLR article 78 proceeding, petitioners seek review of a final determination and order of respondent after a statutory hearing. Petitioners are engaged and licensed in the funeral business. The corporate petitioners (Guidetti Funeral Home, Inc., and Crestwood Memorial Chapels, Inc., successor to Crestwood Memorial Chapels) operate . funeral establishments under the auspices of petitioner Joseph Guidetti. Petitioners were charged with various violations of the Public Health Law. Paragraph No. 7 of respondent's complaint alleged that "During the period from January 1, 1973 to December 31, 1973 * * * [petitioners] obtained bodies for burial and directed funerals for same upon forms and papers submitted by [petitioners] and their agents to various public agencies, which forms and

papers contained false and fraudulent signatures and false and fraudulent information, all violations of section 3450(1) (e) and (f) of the Public Health Law." After a hearing, the hearing officer found and concluded that the charge in said Paragraph No. 7 was sustained (hearing officer's report, conclusion J). He found and concluded, in addition, that Joseph Guidetti had aided and abetted a person not licensed to practice as an embalmer, in violation of section 3450 (subd 1, pars [f], [j]) of the Public Health Law (hearing officer's supplemental report, conclusion AA). All other charges were either dismissed or withdrawn. Respondent's determination and order of November 6, 1978 adopted the findings of fact and conclusions of law of the hearing officer and imposed a $10,000 fine upon Joseph Guidetti, suspended his license to practice funeral directing and his certificate of registration for one year and suspended the certificates of registration of Guidetti Funeral Home, Inc., and Crestwood Memorial Chapels, Inc., for one year. Respondent's determination that the charge in Paragraph No. 7 of respondent's complaint was sustained is supported by substantial evidence. In *Matter of Riverton Funeral Home v Whalen* (63 AD2d 887), upon which petitioners rely, the evidence at the hearing was exclusively hearsay. Here the charge was supported by legally competent evidence. Two witnesses testified that the signatures purported to be theirs on certain official forms submitted by petitioners for burials and funerals were not authentic. In addition, there was testimony from respondent's handwriting expert that a comparison of the signatures on various other official forms indicated that although the names of the signatories on those forms were the same, the signatures differed. Although petitioners introduced testimony from their handwriting expert whose conclusions differed from those of respondent's expert, the hearing officer credited the testimony of respondent's expert. An inference could reasonably be drawn from the evidence adduced that petitioners falsified signatures on certain forms they submitted to public agencies (see *Matter of Stork Rest. v Boland*, 282 NY 256, 267). We conclude that insofar as such charge is concerned, there was a rational basis for respondent's determination that petitioners violated section 3450 (subd 1, pars [e], [f]) of the Public Health Law by practicing deceit in the practice of funeral directing (see *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181). As stated in *Collins v Codd* (38 NY2d 269, 270-271): "where substantial evidence exists, as it clearly does here, to support the administrator's determination, that determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions. As Chief Judge LEHMAN so appropriately wrote in *Matter of Stork Rest. v Boland* (282 NY 256, 267): 'Where there is conflict in the testimony produced * * * where reasonable men might differ as to whether the testimony of one witness should be accepted or the testimony of another be rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists'. (See, also, *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 233; *Matter of Avon Bar & Grill v O'Connell*, 301 NY 150, 153.)" We find, however, that respondent's determination, based upon the hearing officer's supplemental report conclusion AA, has no place in this proceeding. As the Attorney-General conceded upon oral argument, respondent's complaint did not include a charge that

Joseph Guidetti had aided and abetted a person not licensed to practice as an embalmer in violation of section 3450 (subd 1, pars [f], [j]) of the Public Health Law. The failure to give Joseph Guidetti notice of this latter charge denied him due process, thereby requiring reconsideration of the penalty imposed herein. (See *Matter of Shalom Brokerage v Lewis,* 73 AD2d 900; *Bernard-Charles, Inc. v Cuomo,* 58 AD2d 535; *Chant v Department of State of State of N. Y.,* 60 AD2d 535.) Accordingly, the findings and conclusions in conclusion AA of the hearing officer's supplemental report must be vacated and the matter remanded for further consideration of an appropriate penalty which in our opinion should be a fine not in excess of $10,000. We base our conclusion as to an appropriate penalty on the fact that there was no evidence that because of the false signatures there was any mulcting of the public, or that petitioners benefited therefrom without *quid pro quo.* Even as to the embalming charge, assuming its validity, there was a serious question as to whether the method used amounted to a violation. Concur— Murphy, P. J., Kupferman, Birns, Bloom and Lynch, JJ.