■ In the Matter of CAMPION FUNERAL HOME, INC., et al., Petitioners, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the Department of Health which sustained petitioners' guilt of certain violations of the Public Health Law. Our review of the record in this proceeding to annul respondent commissioner's determination finding petitioners guilty of certain misconduct in the operation of their funeral home reveals no rational basis for the commissioner's finding that petitioners violated section 3450 (subd 1, par [e]) of the Public Health Law. We find no merit, however, in the remainder of petitioners' challenges to the determination. Section 3450 (subd 1, par [e]) of the Public Health Law proscribes the practices of fraud, deceit or misrepresentation in the business of a funeral establishment. Respondent commissioner found petitioners guilty of misrepresentation based upon five instances of alleged substitution of vaults differing from those selected by the customer.* The relevant evidence is undisputed. In each case, the customer viewed miniature replicas of various vaults, which were on display at petition-

* Section 3450 (subd 1, par [f]) of the Public Health Law proscribes acts of misconduct, which, by regulation, have been defined to include substitution of merchandise or service contracted for without authorization by the customer (see 10 NYCRR 77.3). Our analysis concerning the finding of a violation of section 3450 (subd 1, par [e]) applies equally to any finding, based upon the same five alleged instances of substitution, that petitioners violated paragraph (f) of the statute or the regulation promulgated pursuant thereto.

ers' premises, and selected a vault on the basis of the features shown in the particular display vault. The actual full-sized vault provided by petitioners had all of the features of the selected display vault. Apparently, all but one of the miniature vaults on display at petitioners' premises were made by one vault manufacturer, while the actual vaults provided by petitioners in the five instances of alleged substitution were made by another vault manufacturer. It is undisputed, however, that the two manufacturers' full-sized products were comparable. More importantly, there is no evidence that the customers selected the vaults on the basis of the particular manufacturer, or that they were even aware of the name of the manufacturer of the display vaults. Indeed, petitioners had purposely removed the manufacturer's name from the display vaults. In view of the miniature size of the display vaults, it was obvious that they were merely models of the full-sized vaults, depicting the various features available. The customers selected the vaults on the basis of the features shown in the particular display model, and petitioners provided full-sized vaults with those features. There is no evidence that any of the five customers selected a vault on the basis of the manufacturer, that they requested a particular manufacturer or that they were promised the vault of a particular manufacturer. In these circumstances, there is no evidence from which the commissioner could rationally conclude that petitioners engaged in any fraud, deceit or misrepresentation, or that they substituted vaults that differed from those selected. That portion of the determination which so finds must, therefore, be annulled (see *Matter of Brewer Funeral Home v Axelrod,* 73 AD2d 991). Respondent commissioner also found that petitioners had violated section 3440-a of the Public Health Law (amd L 1983, ch 534, § 11), which requires funeral directors to provide, at the time funeral arrangements are made, a written statement showing the price of the funeral, including "an itemized list of the services and merchandise to be furnished for such price and a statement of the cash advances and expenditures to be advanced". In view of the direct and circumstantial evidence indicating that petitioners failed, on a number of occasions, to furnish the required itemized statements at the time funeral arrangements were made, it cannot be said that the commissioner's determination on this issue lacks a rational basis (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Petitioners contend that section 3440-a of the Public Health Law and the regulation enacted pursuant thereto (10 NYCRR 78.1 [a]) are unconstitutionally vague since they do not adequately define the exact point in time when the itemized statement must be furnished. In our view, however, the phrase "at the time funeral arrangements are made" is sufficiently definite so that persons of common intelligence do not have to guess at its meaning. Petitioners have failed to carry their burden of proving the unconstitutionality of the statute beyond a reasonable doubt (see *Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358, 370). Next, petitioners challenge the finding of misconduct based upon charges that certain itemized statements were not signed by the person who made the arrangements, although the statements bore a signature purporting to be that of the proper person. In view of the testimony of the person whose purported signature appears on these statements that he did not sign them, there is substantial evidence to support the commissioner's finding (see *Matter of Guidetti v Whalen,* 77 AD2d 823). Having concluded that the commissioner's determination should be modified, we must remit the matter to the commissioner for reconsideration of the appropriate penalty (see *Matter of Brewer Funeral Home v Axelrod, supra,* p 992) and, therefore, we need not reach petitioners' final claim that the penalty is harsh and excessive. Determination modified, by annulling so much thereof as found petitioners guilty of violating section 3450 (subd 1, par [e]) of the Public Health Law by substituting, in five instances, a different vault than that selected by

the customer, matter remitted for reconsideration of the appropriate penalty to be imposed upon petitioners, and, as so modified, confirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.