■ In the Matter of DAVID M. FERNANDEZ, Petitioner, v JAMES P. CORCORAN, as Superintendent of New York State Department of Insurance, Respondent.—Determination of the respondent dated June 7, 1989 approving and adopting a determination by a Hearing Officer on May 30, 1989 that petitioner had demonstrated untrustworthiness and/or incompetency to act as a broker within the meaning of Insurance Law § 2110 and ordering all licenses issued to petitioner be revoked and all applications for licenses and renewals be denied is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Lebedeff, J.], entered March 8, 1990) is dismissed without costs or disbursements.

After a hearing on certain specifications, a determination was made that petitioner had demonstrated untrustworthiness and/or incompetency to act as a broker by diverting substantial funds from a loan made by Borg-Warner Insurance Finance Corporation to Southwest Equipment Rental, Inc., doing business as Southwest Motor Freight, to finance premiums owed to Travelers Indemnity Company by using part of the monies to pay other debts owed by Southwest to the Hartford Insurance Company.

The finding of respondent is supported by substantial evidence on the entire record *(Matter of Purdy v Kreisberg,* 47 NY2d 354, 358). Nor was the imposition of the penalty so disproportionate to the offense, in light of the circumstances, as to shock one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Revocation of petitioner's license was not excessive in light of the large amount of fiduciary funds mishandled *(Matter of Shalom Brokerage v Lewis,* 73 AD2d 900). Concur—Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.