■ In the Matter of ITAL BROKERAGE CO., INC., et al., Petitioner, v STATE OF NEW YORK DEPARTMENT OF INSURANCE, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated December 8, 1989, which, after a hearing, revoked the petitioners' licenses to act as insurance agents and brokers.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

After a hearing, the petitioners were found to have demonstrated untrustworthiness and/or incompetence to act as brokers in violation of the Insurance Law based on commingling of funds, issuing checks for premium payments which were

dishonored for insufficient funds, collecting premiums from an insured without delivering coverage or refunding the premium, and failing to cooperate with the Insurance Department and to respond to inquiries regarding the investigation. Accordingly, the State Superintendent of Insurance revoked the petitioners' licenses to act as brokers or agents. The petitioners' sole argument before this court is that the penalty is excessive. We disagree.

It is settled that "[w]here, as here, the administrative agency's determination is based upon substantial evidence, the penalty imposed is a matter of discretion to be exercised solely by the agency" (Kostika v Cuomo, 41 NY2d 673, 676; Matter of McKie v Corcoran, 162 AD2d 535, 537). In reviewing whether a penalty imposed by an administrative agency is excessive, the test is whether the punishment is "so disproportionate to the offense * * * as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ., 34 NY2d 222, 233; see also, Matter of Fernandez v Corcoran, 172 AD2d 438). Revocation of a broker's license has been deemed a reasonable punishment for offenses similar to those that occurred in the instant case (see, e.g., Matter of Fernandez v Corcoran, supra; Matter of McKie v Corcoran, supra; Matter of Bowley Assocs. v State of New York Ins. Dept., 98 AD2d 521, affd 63 NY2d 982). The record does not support the petitioners' claim that the violations were solely attributable to the embezzlement by a former officer and shareholder of the corporate petitioner. Thus, there is no reason to disturb the determination of the Superintendent. Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.