(165 App. Div. 323)

## FULTON v. INGALLS et al.

(Supreme Court, Appellate Division, Second Department.   December 31, 1914.)

1. PLEADING (§ 345*)—MOTION FOR JUDGMENT ON PLEADINGS.
   Where the complaint states any cause of action, defendants' motion for judgment on the pleadings must be denied.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

2. LIBEL AND SLANDER (§ 80*)—COMPLAINT—CONSTRUCTION.
   Allegations in a complaint that defendants charged plaintiff, a police officer, with a felony, and presented the charges to the police commission, are enough to show that the charges were in writing; for Greater New York Charter (Laws 1901, c. 466) § 300, provides that no police officer shall be removed, etc., until written charges are filed against him, and a person making a complaint that a felony has been committed is required to make oath or affirmation thereof.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 184–186; Dec. Dig. § 80.*]

3. LIBEL AND SLANDER (§ 7*)—WORDS ACTIONABLE PER SE.
   A charge of a felony constitutes a libel per se, and is actionable, unless privileged.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 17–78; Dec. Dig. § 7.*]

4. LIBEL AND SLANDER (§ 51*)—PRIVILEGE—QUALIFIED PRIVILEGE.
   A charge of a felony, maliciously made without reasonable cause, destroys a qualified privilege.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 149; Dec. Dig. § 51.*]

5. LIBEL AND SLANDER (§ 25*)—PUBLICATION.
   One who requests, procures, or directs another to publish a libel is liable; therefore one who induced the presentation of a false charge of felony to the police commission, for the purpose of having an officer placed on trial, is guilty of a publication.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 107, 108; Dec. Dig. § 25.*]

6. LIBEL AND SLANDER (§ 51*)—PRIVILEGE—ABSOLUTE PRIVILEGE.
   The presentation of charges against a police officer not being absolutely privileged, unless a trial by the commission is a judicial proceeding, the malicious presentation of false charges destroys the qualified privilege, in case the proceeding be not judicial.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 149; Dec. Dig. § 51.*]

7. MALICIOUS PROSECUTION (§ 12*) — ARREST FOR OFFICIAL MISCONDUCT — RIGHT OF ACTION.
   Where defendants, by maliciously presenting charges against a police officer, caused his suspension from duty and temporary disgrace in the department, they are liable for malicious prosecution, if the proceeding was a civil judicial one.
   [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 5; Dec. Dig. § 12.*]

Appeal from Special Term, Richmond County.

Action by Edward J. Fulton against Charles H. Ingalls and another. From an order denying a motion for judgment on the pleadings, defendants appeal.   Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before BURR, THOMAS, CARR, STAPLETON, and RICH, JJ.

John D. Lindsay, of New York City (Alfred W. Haywood, Jr., of New York City, on the brief), for appellants.

Warren C. Van Slyke, of New York City (George M. Pinney, of New York City, on the brief), for respondent.

BURR, J. [1] As the motion for judgment on the pleadings was made by the defendants, we are only called upon, at the present time, to consider the sufficiency of the complaint. We need not now consider whether defendant the Richmond County Society for the Prevention of Cruelty to Children is or is not a governmental agency, and whether it is or is not subject to the rule of conduct applicable to corporations generally. The only allegation in the complaint respecting it is that it is a corporation organized under the laws of the state of New York. We are not advised as to the extent of its powers or obligations.

[2] The complaint does not, in express terms, recite whether the charges. which the defendants presented or caused to be presented to the police department, were in writing or oral. The Greater New York Charter (Laws of 1901, c. 466) provides that:

"No member or members of the police force except as otherwise provided in this chapter [this case does not fall within the exception] shall be fined, reprimanded, removed, suspended or dismissed from the police force until *written* charges shall have been made or preferred against him or them, nor until such charges have been examined, heard and investigated before the police commissioner or one of his deputies, upon such reasonable notice to the member or members charged, and in such manner of procedure, practice, examination and investigation as the said commissioner may, by rules and regulations, from time to time prescribe." Sec. 300.

By section 301, the police commissioner is given power to issue subpœnas, to administer oaths or affirmations, and the police commissioner and his deputies are authorized to conduct the investigations, which are spoken of as "a trial." Id. §§ 300, 301. The charter further provides that any person, making a complaint that a felony has been committed, may be required to make oath or affirmation thereto.

The complaint further alleges that defendants "took charge of the presentation of and actually prosecuted said charges and each of them before the deputy commissioner." As plaintiff could only be tried upon written charges, and the charges upon which he was tried were "said charges," the word "said" relating to the charges presented, it is a fair inference that the charges which defendants did present were in writing, and not oral. These charges accuse plaintiff of acts criminal in their character. Penal Law (Consol. Laws, c. 40) § 2010. And, in view of the provision that any person, making a complaint that a felony has been committed, may be required to make oath or affirmation thereto, I think that it affirmatively appears that such charges were in writing.

[3, 4] These charges constituted a libel per se, and were actionable, unless it clearly appears upon the face of the complaint that the words were absolutely privileged (Tierney v. Ruppert, 150 App. Div. 863, 135 N. Y. Supp. 365), or unless there was no publication thereof in

the legal sense of the term. If they were only qualifiedly privileged, if the defendant published words which were false, from evil motives, and without any reasonable or probable cause to believe said charges, or any of them, to be true, the malice essential to a cause of action for libel may be found therefrom. Newell on Libel & Slander, 477; Moore v. M. N. Bank, 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 753; Ashcroft v. Hammond, 197 N. Y. 488, 90 N. E. 1117; Dennehy v. O'Connell, 66 Conn. 175, 33 Atl. 920; Jackson v. Hefferton, 16 Common Bench, New Series, 289; Chaffin v. Lynch, 84 Va. 884, 6 S. E. 474. The complaint contains allegations, not only that the charges were false and defamatory, but that they were maliciously presented and prosecuted, and that "defendants did not have reasonable or probable cause to believe said charges or any of them to be true."

[5] I think also that the words were "published" within the meaning of the law of libel. When these written charges were presented to the police department, the purpose and object of such presentation was to cause plaintiff to be placed on trial thereon; and that this was done with defendants' knowledge and consent sufficiently appeared from the allegations of the complaint that the defendants prosecuted said charges and participated in the trial thereof. A person who requests, procures, or directs another to publish a libel, or connives at or assists in its publication, is liable therefor. Newell on Libel and Slander, 300; Schoepflin v. Coffey, 162 N. Y. 12, 56 N. E. 502.

[6] Were these charges, thus presented, an absolutely privileged communication? Not unless the proceeding before the police commissioner was a judicial proceeding. Personally, I am inclined to think that such was the case. And, if it be contended that it was a civil judicial proceeding, then plaintiff's personal rights were interfered with in consequence thereof, for it appears that, pending said charges, he was suspended from duty without pay, and temporarily disgraced in the department. Willard v. Holmes, Booth & Haydens, 142 N. Y. 492, 37 N. E. 480; Halberstadt v. N. Y. Life Ins. Co., 194 N. Y. 1, 86 N. E. 801, 21 L. R. A. (N. S.) 293, 16 Ann. Cas. 1102; People ex rel. Kasschau v. Board of Police Commrs., 155 N. Y. 40, 49 N. E. 257; Matter of Greenebaum v. Bingham, 201 N. Y. 343, 347, 94 N. E. 853; People ex rel. Shiels v. Greene, 179 N. Y. 195, 199, 71 N. E. 777.

[7] In any event, defendants must take one horn of the dilemma or the other. If the proceeding in which relator was tried was a judicial one, having been instituted maliciously and without probable cause, and plaintiff's personal and property rights having been interfered with pending the same, an action for malicious prosecution will lie. If it was not a judicial proceeding, then an action for libel will lie. All that we are concerned with at present is whether the complaint states *any* cause of action.

Order affirmed, with $10 costs and disbursements.

THOMAS and RICH, JJ., concur. STAPLETON, J., concurs in result in separate opinion, with whom CARR, J., concurs.

STAPLETON, J. I concur in the result. The sufficiency of the complaint herein is attacked. The complaint alleges that the defend-

ants presented or caused to be presented to the police commissioner of the city of New York, against the plaintiff, who at that time was a member of the police department of that city, charges which, if true, constituted a felony. The plaintiff alleged in his complaint that the charges were false, that they were presented maliciously and without probable cause, that he was acquitted after trial, and that he suffered damage.

As I read the brief of the defendants, their primary object is to have the court classify, if it can, the action the plaintiff designed to plead. If the court should name it an action for malicious prosecution, the defendants insist that the complaint should be pronounced bad, because to hold it to be good would be unwarrantably extending the legal scope of that type of action. Wass v. Stephens, 128 N. Y. 123, 28 N. E. 21; Paul v. Fargo, 84 App. Div. 9, 82 N. Y. Supp. 369. If the court should denominate the action as one for libel or slander, the defendants contend that the essential element of publication is lacking, and that it appears on the face of the complaint that the doctrine of absolute privilege is applicable. Moore v. M. N. Bank, 123 N. Y. 420, 25 N. E. 1048,. 11 L. R. A. 753.

In Kujek v. Goldman, 150 N. Y. 176, 178, 44 N. E. 773, 774 (34 L. R. A. 156, 55 Am. St. Rep. 670), the court said:

"In remote times, when actions were so carefully classified that a mistake in name was generally fatal to the case, a form of remedy was devised by the courts to cover new wrongs as they might occur, so as to prevent a failure of justice. This was called an 'action on the case,' which was employed where the right to sue resulted from the peculiar circumstances of the case and for which the other forms of action gave no remedy. 26 Am. & Eng. Encyc. of Law, 694. * * * But this general rule is not applicable to the present case; it would be, if there had been no special action on the case before."

The settled law precludes the necessity of doing more than holding that we think the complaint states a cause of action. The syllabus in Howard v. Thompson, 21 Wend. 319, 34 Am. Dec. 238, succinctly.and accurately expresses the decision:

"An action on the case for a libel lies against a party making a communication in writing to the head of a department of the government, charging a subordinate officer of such department with peculation and fraud of various kinds, where such subordinate officer is subject to removal by the officer to whom the communication is addressed; * * * but such action, though in form for a libel, is in the nature of an action for a malicious prosecution, and the proof so [to] sustain it must be the same as is required in the latter action—i. e., the plaintiff is bound to show both malice and a want of probable cause."

I perceive in the modern legislation, of which sections 300, 301, and 302 of the Greater New York Charter (chapter 466 of the Laws of 1901) are typical, and which gives to a subordinate officer the right to a formal hearing, and confers upon the head of a department the power to administer oaths and conduct the hearing, no ground efficient to exempt the instigator of false charges, acting maliciously and without probable cause, from the rule of liability established by the authority cited.

The corporate defendant's assertion that its legal constitution is so peculiar it may inflict with impunity a wrong which would be actionable if done by others is without authority to sustain it. I deem it subject to the rules of conduct to which corporations generally are held. Scott v. Dennett Surpassing Coffee Co., 51 App. Div. 321, 64 N. Y. Supp. 1016; Schwarting v. Van Wie N. Y. Grocery Co., 69 App. Div. 282, 74 N. Y. Supp. 747. A corporation is not acting in a governmental capacity when it maliciously, untruthfully, and without probable cause defames a citizen.