### DOANE et al. v. HESCOCK et al.

(Supreme Court, Appellate Term, First Department. October 14, 1915.)

1. MALICIOUS PROSECUTION ☞14—ACTIONS—RIGHT TO MAINTAIN.
    Mere inconvenience and expense in defending a civil action will not, where there was no damage to business or reputation, or interference with personal or property rights, support an action for malicious prosecution of a civil action.
    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 17; Dec. Dig. ☞14.]

2. PROCESS ☞168—ABUSE OF—RIGHT OF ACTION.
    Where there was no interference with personal or property rights or injury to business or reputation, the mere institution of a civil action, which occasioned the party inconvenience and expense, will not support an action for abuse of process.
    [Ed. Note.—For other cases, see Process, Cent. Dig. § 257; Dec. Dig. ☞168.]

    Bijur, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Francis H. Doane and another against Ethan H. Hescock and others. From an order granting defendants' motion for judgments on the pleadings, and a judgment entered thereon, plaintiffs appeal. Affirmed.

See, also, 153 N. Y. S. 424.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

John E. O'Brien, of New York City, for appellants.

Lewis R. Conklin, of New York City (Lewis R. Conklin and William A. Montross, both of New York City, of counsel), for respondents.

PAGE, J.   [1, 2] It clearly appears that the complaint does not state facts sufficient to constitute a cause of action for abuse of process, nor are the allegations sufficient to support an action for malicious prosecution of a civil action in this state.   There is no allegation that the action resulted in damages to the business or reputation of the defendant or that in any way his personal or property rights were interfered with.   The sole allegation as to damage is the trouble, inconvenience, and expense of defending the action.   This is not sufficient. Paul v. Fargo, 84 App. Div. 9, 11, 13 (dissenting opinion, 21), 82 N. Y. Supp. 369; Fulton v. Ingalls, 165 App. Div. 323, 326, 151 N. Y. Supp. 130.

The order should be affirmed, with $10 costs and disbursements.

SHEARN, J., concurs.

BIJUR, J. (dissenting).   The complaint herein alleges in substance that the defendants, knowing that plaintiffs had never made or in any way dealt in certain patented articles, or infringed the patent, willfully and maliciously conspired together and caused to be instituted a suit for infringement against these plaintiffs in the federal courts, with intent to injure plaintiffs, and without any reasonable or probable cause, and that plaintiffs were put to trouble and expense in defending the suit, which was subsequently discontinued by the defendants.   This complaint seems to me to set up a cause of action, whether it be called one for malicious prosecution by way of a civil action (see Burt v. Smith, 181 N. Y. 1, 5, 73 N. E. 495, 2 Ann. Cas. 576), or not, and whatever may be the amount of damage recoverable.   The Burt Case appears to contain a later statement of the rule referred to in Willard v. Holmes et al., 142 N. Y. 492, 37 N. E. 480, and Paul v. Fargo, 84 App. Div. 9, 82 N. Y. Supp. 369.

The learned judge below, in his opinion, says that it is "conceded that this is an action based upon an abuse of process."   It is true that there are some allegations in the complaint which would indicate that the pleader's mind was not perfectly clear as to the cause of action pleaded, and that some attempt was made to plead a cause of action for abuse of process.   The complaint might be insufficient, if viewed solely in that light.   Dishaw v. Wadleigh, 15 App. Div. 205, 44 N. Y. Supp. 207.

The order should be reversed, but, in view of plaintiffs' attitude in the court below as to the cause of action pleaded, without costs.