HOLMLUND and wife, Respondents, vs. ZIERKE, Appellant.

*February 3—March 2, 1954.*

220

For the appellant there were briefs by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Thomas H. Skemp*.

For the respondents there was a brief by *Bosshard & Arneson* of La Crosse, and oral argument by *John Bosshard*.

BROADFOOT, J.    Upon this appeal it is the first contention of the defendant that his counterclaim stated a cause of action. In Wisconsin, a civil suit prosecuted maliciously and without probable cause, inflicting special damage on the defendant, is sufficient to sustain an action for malicious prosecution where the person or property of the defendant is interfered with. The law in this state is clearly expressed in the case of *Myhre v. Hessey*, 242 Wis. 638, 9 N. W. (2d) 106. In this case the court reviewed prior Wisconsin cases and cases in other jurisdictions, and the law is now well settled.

The counterclaim alleged that the action was commenced maliciously and without probable cause; that the defendant

was arrested; that the proceeding terminated in his favor; and that the defendant suffered special damages. Thus the counterclaim stated a cause of action. The demurrer should have been overruled.

The defendant next contends that the conduct of the plaintiffs constituted duress as a matter of law. With this we cannot agree. A jury issue was presented which was resolved in favor of the plaintiffs. Whether or not the acts of the plaintiffs constituted duress was a question of fact for the jury. To show duress the defendant constantly refers to the fact that the attorney for the plaintiffs was also the district attorney of La Crosse county. From that fact he asks us to infer that duress follows as a matter of law. The attorney was not acting in his capacity of district attorney. Any letters written were upon the stationery of his firm without reference to his official position. As district attorney he had nothing to do with the institution of the forfeiture action for an ordinance violation. The office of district attorney in La Crosse county is a part-time office and the holder is permitted to engage in the general practice of law. We find nothing improper in his conduct, nor anything about it that would tend to establish duress as a matter of law.

Finally, the defendant contends that the trial court's rulings on evidence and his sustaining of the demurrer created a situation where the defendant could not secure instructions to advise the jury as to the rules of law pertaining to the defendant's contentions and therefore the jury verdict is of no value in determining the issues in this case.

Again we cannot agree with this contention of the defendant. The case was fully tried. The testimony was not limited to the making of the agreement and its subsequent breach, but all the facts and circumstances preceding the sale of the property and the events transpiring thereafter were fully presented in court for the benefit of the jury. The defendant was not limited in his presentation of the facts with

reference to the proceeding for the violation of the city ordinance. We cannot find that the defendant was in any way prejudiced in his defense of the present action by the failure to try the counterclaim in the same action.

There must be a trial on the counterclaim. Upon remand the court shall enter an order overruling the demurrer and permitting the plaintiffs to reply to the counterclaim. The result of that trial may require a modification of the judgment, which is otherwise correct.

*By the Court.*—The order sustaining the demurrer is reversed and cause remanded for trial of the allegations set out in the counterclaim. The judgment is affirmed, but execution is stayed thereon pending said trial. After trial the judgment may be opened up and modified as may be necessary.