Schier, Respondent, v. Denny, Appellant.

*January 6—February 2, 1960.*

For the appellant there was a brief and oral argument by *John F. Friedl* of Wauwatosa.

For the respondent there was a brief by *Wiernick & Zurlo*, attorneys, and *Clinton A. Boone, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Boone.*

BROWN, J.   Sec. 263.27, Stats., provides:

"263.27 PLEADINGS LIBERALLY CONSTRUED. In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

The elements necessary to sustain an action for malicious prosecution were authoritatively stated in *Elmer v. Chicago & N. W. R. Co.* (1950), 257 Wis. 228, 231, 43 N. W. (2d) 244:

"The six essential elements in an action for malicious prosecution are:

"1. There must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution.

"2. Such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution.

"3. The former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution.

"4. There must have been malice in instituting the former proceedings.

"5. There must have been want of probable cause for the institution of the former proceedings.

"6. There must have been injury or damage resulting to the plaintiff from the former proceedings."

We have no difficulty in finding that the above elements, Nos. 2 to 5 inclusive, are well enough pleaded so as to merit no discussion. The 1st and 6th deserve more-extended treatment in our determination of the sufficiency of the complaint.

As to element No. 1, it is obvious from the complaint that Denny's proceeding was brought before an administrative tribunal and there was no "regular judicial proceeding" in a court of law or equity. If No. 1 refers only to proceedings before such a court we must sustain the demurrer. Undoubtedly, the requirement originally contemplated that the proceeding alleged to be malicious be one in such a court. That rule grew up before the rise of administrative bodies, created by legislative action, to perform many of the functions theretofore reserved to the courts. In particular, many administrative tribunals, of which the real estate brokers' board is an example, have been given a limited quasi-judicial jurisdiction, the most-important power of which in this action is the power to determine whether statutes or rules relating to the occupation of real-estate brokers have been violated and to inflict severe penalties for such violations. Thus we have held that administrative bodies and commissions have judicial power within the limits which are incidental to their administration of the particular statutes the legislature has given them to administer. *International Union v. Wisconsin E. R. Board* (1951), 258 Wis. 481, 46 N. W. (2d) 185; *State ex rel. Volden v. Haas* (1953), 264 Wis. 127, 132, 58 N. W. (2d) 577.

Not much liberality in the construction of pleadings is required for us to construe the allegations of the complaint to charge that Denny had informed the board that Schier had misconducted himself as a real-estate broker and Denny was asking the board in consequence to revoke Schier's broker's license. That proceeding instituted by Denny invoked the judicial capacities of the board within the limits of its administrative jurisdiction. We consider that the

complaint satisfies the requirement of element No. 1 and in this respect the complaint is not demurrable.

The 6th element necessary to sustain an action for malicious prosecution, as stated in *Elmer v. Chicago & N. W. R. Co., supra,* is (p. 231) :

"There must have been injury or damage resulting to the plaintiff from the former proceedings."

What do we mean by injury or damage resulting to the plaintiff? In *Luby v. Bennett* (1901), 111 Wis. 613, 87 N. W. 804, the opinion was written by the learned Mr. Justice MARSHALL. He wrote the syllabus summarizing the opinion on this point as follows:

"The general rule which prevails in England, and has the greater support of judicial and elementary authority in this country, is that a civil action, maliciously prosecuted, where neither the person nor the property of the defendant is interfered with inflicting special damages to him, will not sustain an action for malicious prosecution."

The careful reader will observe that Mr. Justice MARSHALL did not say that this quotation expresses the law of Wisconsin. Under the facts of that case that declaration was not necessary to the decision. But in *Myhre v. Hessey* (1943), 242 Wis. 638, 649, 9 N. W. (2d) 106, we expressly adopted the pronouncement of Mr. Justice MARSHALL in *Luby v. Bennett, supra,* stating this to be the law. We reaffirmed it in *Holmlund v. Zierke* (1954), 266 Wis. 219, 63 N. W. (2d) 45, and again in *Novick v. Becker* (1958), 4 Wis. (2d) 432, 437, 90 N. W. (2d) 620, stating there that ". . . an action for malicious prosecution, grounded upon a prior civil suit, would not ordinarily lie where neither the person nor property of the defendant in such prior action had been interfered with so as to inflict special damages upon him."

In the *Myhre Case, supra,* there was interference neither with the plaintiff's person nor his property, unless subjecting

him to the expense of defending himself be considered so. Myhre claimed that his defense cost him $600. The trial court held that no jury question had been presented and the appeal turned on the point of whether or not such expense constituted the special damage contemplated by the rule stated by Mr. Justice MARSHALL. After a thorough and instructive discussion of the applicable law this court affirmed the trial court. By so doing it decided that not only was the MARSHALL rule declared to be the law in Wisconsin but it was determined that expense incident to a defense against the alleged malicious prosecution is not such an interference with the person or his property which inflicts special damage upon him. The *Myhre Case, supra,* was a stronger one for the present respondent than the one he has now because the complaint now challenged alleges only generally that Schier was put to great expense in his defense whereas Myhre claimed his defense cost him the specific amount of $600.

We conclude, therefore, that a cause of action for malicious prosecution is not stated by a complaint which does not allege interference with either the plaintiff's person or his property inflicting special damages to him, and an allegation that plaintiff incurred expense in defending himself against the prosecution alleged to be malicious is not an allegation of such special damage within the contemplation of law. Therefore the demurrer should have been sustained.

*By the Court.*—The part of the order overruling defendant's demurrer to plaintiff's complaint is reversed. Cause remanded with instructions to sustain the demurrer, with further proceedings according to law not inconsistent with the opinion.