■ In the Matter of DOUGLAS F. GROAT, Respondent, v TOWN BOARD OF THE TOWN OF GLENVILLE, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered November 21, 1977 in Schenectady County, which granted in part petitioner's application in a proceeding pursuant to CPLR article 78. Petitioner was employed by the Town of Glenville as a police officer from October, 1973 until August 16, 1977 when the town board found him guilty of eight of nine charges preferred against

him by the board and the chief of police. On May 5, 1976 nine charges, subsequently consolidated into three charges, which generally alleged that he lacked the aptitude and ability to perform his duties, were preferred against him by the chief of police. On June 29, 1976 six other charges alleging petitioner swore falsely under oath regarding a criminal complaint against a Michael Vollmer and abused his office by intimidating a Belinda Shultz in attempting to have her sign an affidavit in support of the criminal complaint against Vollmer were preferred against petitioner by the town board. A hearing officer was appointed by the town board who conducted the hearings. Upon his death a successor was appointed by the board in July, 1977. On August 4, based on the transcript of the record on the hearing the second hearing officer reported to the board finding petitioner not guilty of all charges preferred against him by the chief on May 5, 1976 and finding him guilty only of harassment of Belinda Shultz, charge five of the June 29 charges. The hearing officer stated that the violation was attributable to the petitoner's overzealousness and recommended the 20-day suspension already served by the petitioner as appropriate punishment. The town board rejected two of the hearing officer's recommendations for the three May 5 charges and found petitioner guilty of disobeying a lawful order of a superior and of inaptitude, unadaptability, poor judgment and reluctance to perform his duties. Petitioner was found guilty of all six charges preferred against him on June 29. He was dismissed from the force by the board. Special Term reversed the board's findings of guilt as to the charge of disobedience of a superior's lawful order as without factual support in the record for such a finding. It reversed the other finding of guilt as to the May 5 charge of inaptitude and referred it back for further proceedings by the board because no factual basis was stated for the determination of the administrative body so as to make possible a judicial review. As to the six charges preferred by the board on June 29, Special Term reversed all of the board's determinations on these charges because the findings were in violation of lawful procedure. Special Term concluded that section 155 of the Town Law precludes the town board, as the body which preferred the charges, from sitting in judgment upon a hearing or trial of same. The petitioner was ordered restored to the payroll effective August 16, 1977 and the town ordered to act within 20 days of service of judgment on the charge referred back to them for further proceedings. The town board appealed from the judgment of Special Term. Section 155 of the Town Law states: "Any member of such police department * * * shall have the right to a public hearing and trial and to be represented by counsel; no person who shall have preferred such charges or any part of same shall sit as judge upon such hearing or trial." This statute was intended to separate the police department from the political conflicts of the town board. This language prohibits the board from making the final determination in petitioner's case as to the June 29 charges since it was the body preferring them. As to the May 5 charges, the record is barren of evidence to support the charge of disobedience to the order of a superior. Special Term properly ordered the remittal of the charge of inaptitude for failure of the board to state a factual basis for its reversal of the hearing officer's recommendation. A failure to state findings precludes adequate judicial review (*Matter of Simpson v Wolansky*, 38 NY2d 391; *Matter of Pachucki v Walters*, 56 AD2d 677). Judgment affirmed, without costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.