## Douglas F. Groat et al., Appellants, v Town Board of the Town of Glenville et al., Respondents.

Third Department, April 3, 1980

## APPEARANCES OF COUNSEL

*Gordon, Siegel, Mullaney & Gordon (Arnold M. Gordon* of counsel), for appellants.

*Gibbons & Burke (Kenneth T. Gibbons* of counsel), for respondents.

## OPINION OF THE COURT

STALEY, JR., J.

Plaintiff Douglas Groat, employed by the Town of Glenville as a police officer, on May 5, 1976 was charged with nine charges, subsequently consolidated into three charges, of misconduct by the chief of police. On June 29, 1976, six more charges of misconduct were preferred against him by the town board. After a hearing and trial of the charges, the hearing officer died. A successor hearing officer was appointed by the board and, based upon the transcript of the record on the hearing, he reported to the board, finding plaintiff not guilty of all of the charges except one of the charges preferred by the town board on June 29, 1976. The town board rejected the recommendations of the hearing officer and found plaintiff guilty of eight of the nine charges. On August 16, 1977, he was dismissed from the police force by the town board.

On August 30, 1977, plaintiff Douglas Groat commenced a proceeding pursuant to CPLR article 78 to review the determination of the town board. Special Term reversed the determination of the board and ordered him restored to the payroll, effective August 16, 1977. On appeal by the town board, this court affirmed *(Matter of Groat v Town Bd. of Town of Glenville,* 63 AD2d 1043).

Plaintiffs then commenced this action, alleging three causes of action: malicious prosecution, prima facie tort and a derivative action on behalf of his wife, Madeline Groat.

The answer of the respondents alleged as affirmative defenses:

"That the actions were not brought within the time provided for by law and the plaintiffs have failed to comply with the conditions precedent to the bringing of said actions.

"That as to the First, Second and Third Causes of Action stated in said complaint, the allegations therein fail to state facts sufficient to constitute causes of action."

Plaintiffs then moved pursuant to CPLR 3211 for an order dismissing defendants' affirmative defenses. Special Term treated the motion as a motion for summary judgment, pursuant to CPLR 3211 (subd [c]) and 3212 (subd [b]), and dismissed the three causes of action alleged in the complaint with leave to plaintiffs to serve an amended complaint as to the second and third causes of action. The cause of action for malicious prosecution was dismissed on the ground that disciplinary proceedings involving an administrative hearing may not form the basis for an action for malicious prosecution since they are not judicial proceedings before a court or Judge. The issues presented are whether the first cause of action fails to state a cause of action and whether plaintiffs complied with the notice provisions of section 50-e of the General Municipal Law.

"A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure. An action for malicious prosecution is usually based upon an arrest in criminal proceedings, although it may be founded upon a civil action when commenced simply to harass and oppress the defendant" *(Burt v Smith*, 181 NY 1, 5).

Defendants urge that disciplinary proceedings initiated against appellant Douglas Groat pursuant to section 75 of the Civil Service Law and section 155 of the Town Law are administrative proceedings and not judicial proceedings, and are, therefore, not sufficient to support an action for malicious prosecution.

In the case of *Fulton v Ingalls* (165 App Div 323, affd 214 NY 665), charges had been filed against a police officer for allegedly committing a felony. After he was exonerated, the police officer brought suit in a blanket complaint, alleging causes of action for both libel and malicious prosecution. The Appellate Division sustained the complaint, reasoning that if the disciplinary proceeding was not deemed "judicial", no absolute privilege could attach to bar plaintiff's action for

libel; if, however, the proceeding was to be deemed a judicial one, it could then form the basis for malicious prosecution. The court stated (165 App Div 323, 326) that it was "inclined to think" that the proceeding before the police commissioner was a judicial proceeding and that "[i]f the proceeding in which plaintiff was tried was a judicial one, having been instituted maliciously and without probable cause, and plaintiff's personal and property rights having been interfered with pending the same, an action for malicious prosecution will lie."

In *Melvin v Pence* (130 F2d 423), the court found no reason to distinguish between judicial proceedings before a court or a Judge and administrative proceedings in determining whether a cause of action for malicious prosecution is stated. The court stated *(supra,* p 426): "Much of the jurisdiction formerly residing in the courts has been transferred to administrative tribunals, and much new jurisdiction involving private rights and penal consequences has been vested in them. In a broad sense their creation involves the emergence of a new system of courts, not less significant than the evolution of chancery. The same harmful consequences may flow from the groundless and malicious institution of proceedings in them as does from judicial proceedings similarly begun. When one's livelihood depends upon a public license, it makes little difference to him whether it is taken away by a court or by an administrative body or official. Nor should his right to redress the injury depend upon the technical form of the proceeding by which it is inflicted. The administrative process is also a legal process, and its abuse in the same way with the same injury should receive the same penalty." Other States have permitted administrative proceedings, particularly disciplinary ones, to form the basis for malicious prosecution actions (see *Hardy v Vial,* 48 Cal 2d 577; *Cassidy v Cain,* 145 Ind App 581; *Ahring v White,* 156 Kan 60; *Kaufman v Robins Co.,* 223 Tenn 515).

In our opinion, administrative proceedings which require a hearing and trial of the issues on evidence and testimony under oath, with the right of cross-examination, have sufficient attributes of judicial proceedings to be considered judicial proceedings for the purposes of a cause of action for malicious prosecution.

Defendants' contention that plaintiff has not alleged the obtaining of a provisional remedy or other interference with his person or property sufficient to support an action for

malicious prosecution is without merit. Plaintiff was suspended without pay, dismissed from the force and, at least temporarily, disgraced in the department and in the community. This the court found sufficient to sustain the cause of action in *Fulton v Ingalls* (165 App Div 323, affd 214 NY 665, *supra*).

■ Defendants' further contention that the cause of action is barred by section 50-e of the General Municipal Law is also without merit. This contention is apparently based upon the fact that a notice of intention to file a claim was served on November 10, 1977, seven days prior to the entry of the judgment in the proceeding pursuant to CPLR article 78, which dismissed the charges, and that the notice was, therefore, not filed within 90 days after the claim arose. This contention ignores the fact that the decision of the court awarding judgment to plaintiff was made some time before the making and entering of the judgment. Thus, the first disposition in favor of claimant arose when the court rendered its decision and not on the date when the formal judgment was rendered. In any event, such service shall be deemed valid if such notice is actually received by the public corporation before the 90-day period has expired (General Municipal Law, § 50-e, subd 3).

The order of Special Term dismissing the first cause of action alleged in plaintiffs' complaint must, therefore, be reversed.

The order should be modified, on the law, by reversing so much thereof as dismissed the first cause of action in plaintiffs' complaint, and, as so modified, affirmed, with costs to plaintiffs.

GREENBLOTT, J. P., SWEENEY, KANE and CASEY, JJ., concur.

Order modified, on the law, by reversing so much thereof as dismissed the first cause of action in plaintiffs' complaint, and, as so modified, affirmed, with costs to plaintiffs.