CAMPION FUNERAL HOME, INC., et al., Appellants, v STATE OF NEW YORK, Respondent.

Third Department, May 9, 1991

## APPEARANCES OF COUNSEL

*DeGraff, Foy, Conway, Holt-Harris & Mealey (Carroll J. Mealey, Kirk M. Lewis* and *James P. Connolly* of counsel), for appellants.

*Robert Abrams, Attorney-General (Michael S. Buskus* and *Peter J. Dooley* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

Claimant James C. Sherwood is an officer of both claimant Campion Funeral Home, Inc., which operated a funeral home in Albany County, and claimant Sherwood Funeral Home, Inc., which operated two funeral homes at separate locations in Rensselaer County. In 1980, the Bureau of Funeral Directing of the State Department of Health (hereinafter the Bureau) commenced an investigation into the business practices of all three claimants over the preceding two years, including interviewing former employees, subpoenaing records, mailing questionnaires to customers and interviewing a number of persons responding to the questionnaires.

In September 1980, three separate disciplinary proceedings were commenced against claimants and their associates arising out of the investigation. In the first of these proceedings (hereinafter proceeding No. 1), Sherwood, Campion Funeral Home and another person were charged with some 160 violations of the Public Health Law (§§ 3440-a, 3450 [1] [e], [f]; § 3441 [1] [e]) and/or the applicable regulations (10 NYCRR 78.1, former 77.3 [a] [2]; [b] [2], [3], [7], [12]; former 77.8 [h]) for failing to furnish itemized statements of the cost of funerals when the funeral arrangements were made; for having itemization statements signed by persons who did not make the funeral arrangements, but who falsely signed the names of the persons who had made such arrangements; and for practicing fraud and deception by altering bills, substituting vaults and a casket, inflating cash advances and adding finance charges to bills.

In the second and third proceedings (hereinafter proceeding Nos. 2 and 3), Sherwood and the two Rensselaer County Sherwood Funeral Homes were charged with multiple violations of Public Health Law § 3440-a and/or 10 NYCRR 78.1 (failing to timely furnish itemized statements); 10 NYCRR former 77.3 (b) (3) (inflating amounts advanced or charged for third-party services for funerals); and 10 NYCRR former 77.3 (b) (12) (failing to comply with regulations regarding finance charges).

In January 1981, while all the foregoing charges were pending, claimants filed a notice of intention to file a claim against the State and, in February 1982, filed such a claim based upon alleged abuse of process by the Bureau in its investigation and prosecution of the foregoing charges.

An evidentiary hearing was conducted in proceeding No. 1, following which the Administrative Law Judge (hereinafter ALJ) sustained only 62 of the 160 charges, finding 36 violations of Public Health Law § 3440-a and 10 NYCRR 78.1 (not furnishing itemized statements); 19 violations of Public Health Law § 3450 (1) (f) (false signatures on itemized statements of the person making the funeral arrangements); 5 violations of Public Health Law § 3450 (1) (e) and 10 NYCRR former 77.3 (b) (2) (fraudulent or deceptive practices in substituting vaults and a casket); and 1 violation each of the regulations dealing with overcharges for cash advances and imposing finance charges without advance disclosure. Proceeding Nos. 2 and 3 were consolidated for a hearing before another ALJ, following which all charges were dismissed.

The Commissioner of Health adopted the findings of the ALJs in all three proceedings and, in proceeding No. 1, imposed fines and a two-year suspension of registration, which was conditionally stayed. Sherwood and Campion Funeral Home then challenged the determination in proceeding No. 1 pursuant to CPLR article 78. Upon review, this court annulled the five findings of fraudulent and deceptive practices regarding substitution of caskets or vaults and otherwise confirmed the determination *(Matter of Campion Funeral Home v Axelrod,* 99 AD2d 901).

Thereafter, claimants filed an amended notice of claim against the State adding a cause of action for malicious prosecution. The claim alleged as damages injury to reputation, loss of business and good will, and legal expenses in defending against the charges. After joinder of issue and claimants' pretrial disclosure, the State moved for summary judgment dismissing the claim, asserting that (1) claimants' malicious prosecution cause of action was barred because, *inter alia,* proceeding No. 1 was not finally terminated in favor of Sherwood and Campion Funeral Home, and there was no proof of interference with the personal or property rights of any claimant, and (2) claimants' abuse of process cause of action must fail because of the absence of proof of any improper use of process and/or because it was not timely filed. The Court of Claims agreed with the State and dismissed the claim herein in its entirety. This appeal followed.

On appeal, claimants have only addressed the propriety of the dismissal of their cause of action for malicious prosecution and, hence, their appeal from the dismissal of their abuse of process cause of action is deemed abandoned *(see, Heroux v Page,* 107 AD2d 862, 863-864).

Claimants' first point addresses the ground for the Court of Claims' dismissal of the malicious prosecution claim of Campion Funeral Home and Sherwood, namely, that the final determination of misconduct on 57 of some 160 charges in proceeding No. 1 disproved, as a matter of law, that the allegedly unjustified initiation of that prior proceeding was finally determined in those claimants' favor. Claimants argue that the charges that were ultimately dismissed in proceeding No. 1 involved separate transactions and were significantly more serious than the charges sustained against Campion Funeral Home and Sherwood in that proceeding. Hence, according to claimants, they should be able to recover by estab-

lishing the remaining elements of a malicious prosecution cause of action as to the charges that were favorably terminated in proceeding No. 1. We disagree.

The gravamen of a civil malicious prosecution cause of action is the wrongful initiation, procurement or continuation of a legal proceeding (see, Restatement [Second] of Torts § 674; Prosser and Keeton, Torts § 120, at 889 [5th ed]). Proceeding No. 1 was initiated against Sherwood and Campion Funeral Home by the statement of charges which included those ultimately sustained as well as those dismissed. Almost all of such charges, irrespective of their final disposition, involved improprieties and violations of law and regulations in dealing with customers at the time funeral arrangements were made. Claimants have not demonstrated in any way that the charges were improperly joined in one proceeding. Claimants are clearly wrong in contending that the sustained charges were merely technical or innocuous. Notably, sustained and confirmed upon judicial review were 19 instances of false signing of itemized statements, which the ALJ characterized as "a source of grave concern", the Commissioner of Health described as "forged itemization statements" and for which severe financial penalties were imposed. Thus, the Court of Claims correctly concluded that any cause of action for malicious prosecution arising out of proceeding No. 1 failed, as a matter of law, because that proceeding did not finally terminate in claimants' favor (see, MacLeay v Arden Hill Hosp., 164 AD2d 228, lv denied 77 NY2d 806; Kenyon v State of New York, 118 AD2d 942, 943-944; 59 NY Jur 2d, False Imprisonment and Malicious Prosecution, § 65, at 328; see also, Mondrow v Selwyn, 172 NJ Super 379, 412 A2d 447, cert denied 84 NJ 449, 420 A2d 347).

■ Alternatively, claimants argue that the Court of Claims erred in holding that the absence of proof of injury to or interference with the person or property of any claimant as the result of the initiation of proceeding Nos. 2 and 3 required dismissal of the claim insofar as based on those proceedings. Again, we disagree. This State is one of a substantial minority of jurisdictions consistently following the "English rule" for the tort of civil malicious prosecution in requiring some special damage or grievance involving injury to or interference with personal or property rights, beyond damages normally attendant upon being sued (see, Prosser and Keeton, Torts § 120, at 889 [5th ed]; Note, Groundless Litigation and the Malicious Prosecution Debate: A Historical Analysis, 88

Yale LJ 1218, 1219-1220 [1979]). Thus, the cases from early times have explicitly required, for civil malicious prosecution recovery, some concomitant invasion of personal or property rights with the institution or prosecution of the prior civil proceeding *(see, Burt v Smith,* 181 NY 1, 5; *Fulton v Ingalls,* 165 App Div 323, 326, *affd sub nom. Fulton v Richmond County Socy. for Prevention of Cruelty to Children,* 214 NY 665; *see also, Belsky v Lowenthal,* 47 NY2d 820, 821). Obviously, claimants' legal expenses in defending against the charges herein do not constitute special damages not normally attendant upon being sued. Injury to reputation, the remaining category of damages claimed herein, likewise fails to satisfy the injury to or interference with person or property requirement *(see, Drago v Buonagurio,* 61 AD2d 282, 284-285, *revd on other grounds* 46 NY2d 778, 779).

We are also unpersuaded by claimants' further contention that an administrative proceeding such as this, initiated by the State and carrying possibly severe sanctions such as license revocation or suspension, is akin to a criminal malicious prosecution and, therefore, proof of special damages should not be required. First, the controlling New York precedents in malicious prosecution cases based upon the initiation of administrative disciplinary proceedings carrying comparable sanctions have in fact applied the special damage requirement. For example, in *Fulton v Ingalls (supra),* where the underlying matter was an administrative disciplinary proceeding against a police officer, it was held that the "plaintiff's *personal rights were interfered with* in consequence thereof, for it appears that, pending said charges, he was suspended from duty without pay" *(supra,* at 326 [emphasis supplied]; *see, Groat v Town Bd.,* 73 AD2d 426, 430, *appeal dismissed* 50 NY2d 928). Second, courts in other jurisdictions generally adhering to the English rule in civil malicious prosecution cases have applied it to require interference with personal or property rights in cases based on administrative disciplinary proceedings *(see, Donovan v Barnes,* 274 Ore 701, 548 P2d 980; *Schier v Denny,* 12 Wis 2d 544, 107 NW2d 611; *Schier v Denny,* 9 Wis 2d 340, 101 NW2d 35). Finally, we note that the dichotomy between civil actions and administrative disciplinary proceedings urged by claimants is not supported by the treatment of civil malicious prosecution in the Restatement (Second) of Torts *(see,* Restatement [Second] of Torts § 680, comments *a, b).*

For all the foregoing reasons, the order granting sum-

mary judgment dismissing the claim should be affirmed. We do not reach the State's alternative argument that it enjoyed absolute immunity from the claim herein for malicious prosecution. This ground for dismissal was not raised in the motion before the Court of Claims and involves factual matters that possibly could have been countered by the submission of opposing evidentiary proof had it been so raised (cf., *Sega v State of New York,* 60 NY2d 183, 190, n 2). Nor is that issue properly before us by way of review of an earlier intermediate order of the Court of Claims denying the State's motion to dismiss the claim based upon governmental immunity (see, CPLR 5501 [a] [1]). The moving and opposing papers on that motion were not included in the record on appeal and, in any event, that motion was addressed to claimants' abuse of process claim and was made before the amendment to the claim herein adding the cause of action for malicious prosecution.

WEISS, J. P., YESAWICH, JR., MERCURE and HARVEY, JJ., concur.

Order affirmed, without costs.