12-2300-cv
McCaul v. Ardsley Union Free School District

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand thirteen.

PRESENT: RALPH K. WINTER,
        DENNY CHIN,
        CHRISTOPHER F. DRONEY,
            <u>Circuit Judges</u>,

- - - - - - - - - - - - - - - - - - - - - -x

MARGUARITA McCAUL,
            <u>Plaintiff-Appellant</u>,

        -v.-                                12-2300-cv

ARDSLEY UNION FREE SCHOOL DISTRICT, DR.
PAMELA MASON, INDIVIDUALLY AND AS SCHOOL
PSYCHOLOGIST OF ARDSLEY UNION FREE SCHOOL
DISTRICT, JEANNE FARRUGGIO, INDIVIDUALLY
AND AS DIRECTOR OF PUPIL SERVICES FOR
ARDSLEY UNION FREE SCHOOL DISTRICT,
            <u>Defendants-Appellees</u>.[*]

- - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     STEWART LEE KARLIN, Law Offices of
                             Stewart Lee Karlin, P.C., New York,
                             New York.

FOR DEFENDANTS-APPELLEES:    MARK A. RADI (Adam I. Kleinberg, <u>on
                             the brief</u>), Sokoloff Stern LLP,
                             Westbury, New York.

---

[*]      The Clerk of the Court is directed to amend the official caption to conform with the above.

Appeal from the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Marguarita McCaul appeals from a May 4, 2012 judgment of the United States District Court for the Southern District of New York (Bricetti, J.) dismissing her complaint against Ardsley Union Free School District (the "District"), Dr. Pamela Mason, and Jeanne Farruggio (collectively, "defendants") for violation of her substantive due process rights under the Fourteenth Amendment, malicious prosecution, and intentional infliction of emotional distress. McCaul's complaint alleged that, in retaliation for a dispute between McCaul and the District over the education being provided to McCaul's son, District employees Mason and Farruggio submitted a false report to the New York State Child Protective Services ("CPS"), resulting in the initiation of a neglect proceeding against McCaul.[1] The neglect proceeding was subsequently withdrawn, and a CPS case worker apologized to McCaul for having commenced the proceeding, stating that the agency had relied on bad information.

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff's favor. Forest Park Pictures v.

---

[1] Although the complaint does not identify the agency to which the purportedly false report was submitted, the parties' briefs clarify that the report was submitted to CPS.

- 2 -

Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

1.    Substantive Due Process

McCaul alleges that defendants violated her right to substantive due process under the Fourteenth Amendment by making a false report about her to CPS. To plead a substantive due process claim, a plaintiff must assert that:  (1) a "constitutionally cognizable property [or liberty] interest is at stake," and (2) defendants' "alleged acts . . . were arbitrary, conscience-shocking, or oppressive in the constitutional sense, not merely incorrect or ill-advised." Ferran v. Town of Nassau, 471 F.3d 363, 369-70 (2d. Cir. 2006) (citations and internal quotation marks omitted).

A.    Care, Custody, and Management of Child

It is well settled that parents have "a constitutionally protected liberty interest in the care, custody and management of their children." Southerland v. City of N.Y., 680 F.3d 127, 142 (2d Cir. 2011) (quoting Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999)). This interest, however, is "counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where

- 3 -

the protection is considered necessary as against the parents themselves."  Id. at 152 (citation and internal quotation marks omitted).  Thus, "[t]o state a claim for a violation of this substantive due process right of custody, a plaintiff must demonstrate that the state action depriving him of custody was 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'"  Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 275 (2d Cir. 2011) (quoting Tenenbaum, 193 F.3d at 600).

"Where there is no actual loss of custody, no substantive due process claim can lie."  Id. at 276; see, e.g., Phillips v. Cnty. of Orange, No. 10-CV-239, 2012 U.S. Dist. LEXIS 133293, at *101 (S.D.N.Y. Sept. 11, 2012) ("Plaintiffs have failed to state a viable claim that any of the actions taken by Defendants violated their substantive due process rights, for the simple reason that Plaintiffs never lost custody of [their child].").

Here, McCaul's complaint does not allege that her parental custody was ever interrupted, and she admits in her brief that she never lost custody of her son.  Thus, the district court properly dismissed her substantive due process claim on this ground.

B.    Listing on Central Register

McCaul also argues that the purported act of listing her on the Statewide Central Register of Child Abuse and Maltreatment ("SCR") as someone against whom a report of child

neglect was filed violated her substantive due process rights under the Fourteenth Amendment by, among other things, impeding her ability to pursue a career around children and senior citizens, to become a foster parent, and to adopt a child. Although McCaul's complaint does not specifically allege this theory of her substantive due process claim, the complaint does allege that she was "stigmatize[d]," and McCaul did raise this theory in her opposition papers below.  Accordingly, we will consider it.

Although "damage to one's reputation is not by itself sufficient to invoke the procedural protection of the Due Process Clause," McCaul can demonstrate infringement of a protected liberty interest by showing that inclusion of her name on the SCR resulted in "stigma plus."  Valmonte v. Bane, 18 F.3d 992, 999, 1000-02 (2d Cir. 1994) (citation and internal quotation marks omitted).  To constitute "stigma plus," the "'stigma' resulting from the defamatory character of the posting" must be combined with some other state-imposed alteration in McCaul's legal status.  Paul v. Davis, 424 U.S. 693, 708-09 (1976); see also Vega v. Lantz, 596 F.3d 77, 81 (2d Cir. 2010).  In Valmonte v. Bane, for example, this Court held that the plaintiff was subject to "stigma plus" where the SCR did not simply defame her but also "place[d] a tangible burden on her employment prospects." Valmonte, 18 F.3d at 1001.  Under the New York statutory scheme then in effect, child care providers were required to consult the SCR before hiring prospective employees, and thus, "by operation of law, [the plaintiff's] potential employers [would] be informed

- 5 -

specifically about her inclusion on the [SCR] and [would] therefore choose not to hire her."  Id.

Here, the allegations in the complaint are insufficient to allege a plausible substantive due process claim based on McCaul's purported listing in the SCR because McCaul makes no allegation that she was ever subject to a tangible burden.  Even assuming, as McCaul alleges in her reply brief, that a report alleging she engaged in child abuse or maltreatment was "indicated" during the time the neglect proceeding was pending against her, she does not allege that she applied for employment or sought to foster or adopt a child during the time her report was "indicated."  See N.Y. Soc. Serv. Law § 412(7) (a report alleging child abuse or maltreatment is "indicated" if CPS determines after an investigation that "some credible evidence of the alleged abuse or maltreatment exists").  Nor does she allege that she would have looked for a job involving children and senior citizens, or would have sought to foster or adopt a child but for her being listed on the SCR.  Cf. Valmonte, 18 F.3d at 999 (finding plaintiff's claim ripe because "[w]e must accept as true Valmonte's assertions that she would look for a position in the child care field but for her presence on the [SCR]"); Finch v. N.Y.S. Office of Children & Family Servs., 499 F. Supp. 2d 521, 529 (S.D.N.Y. 2007) (plaintiff applied for a position at a homeless shelter while the report was "indicated").

Further, McCaul makes no allegation that SCR ever disclosed to anyone the fact that she was listed on the SCR or that SCR failed to offer her an administrative hearing to

- 6 -

challenge the purported finding of "indicated."  See Finch v. City of N.Y., 591 F. Supp. 2d 349, 355, 360 (S.D.N.Y. 2008) ("[SCR] does not respond to any inquiries about a subject's indicated report status" before an administrative hearing is held "at which an administrative law judge determines whether a fair preponderance of the evidence supports the allegations"); N.Y. Soc. Serv. Law § 422(8).  Finally, she does not allege that the report against her is still "indicated"; on the contrary, the complaint alleges that the neglect proceeding against plaintiff was withdrawn and an apology was issued.  See N.Y. Soc. Serv. Law § 422(5)(a) (reports ultimately deemed "unfounded" are legally sealed).  Without any supportive factual allegations, McCaul has failed to state a plausible claim that she was subjected to "stigma plus."

Accordingly, the district court properly dismissed McCaul's substantive due process claim.

2.  Malicious Civil Prosecution

McCaul also challenges the district court's dismissal of her malicious prosecution claim.  In particular, McCaul argues that the district court improperly analyzed her malicious prosecution claim under federal law rather than state law.  She also argues that the district court abused its discretion in exercising supplemental jurisdiction to decide this claim under state law.  We affirm for the following reasons.

First, to the extent the district court decided McCaul's malicious prosecution claim under federal law, we affirm for substantially the reasons stated by the district court.  See

McCaul v. Ardsley Union Free Sch. Dist., No. 11 CV 5586, 2012 U.S. Dist. LEXIS 80888, at *8-11 (S.D.N.Y. May 3, 2012).

Second, to the extent McCaul brought her malicious prosecution claim under state law, we also affirm. As a threshold matter, the court did not abuse its discretion in exercising supplemental jurisdiction to decide this claim. Federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Nevertheless, a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity,' in deciding whether to exercise jurisdiction." Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)). We review for abuse of discretion the district court's exercise of supplemental jurisdiction over McCaul's state law claims notwithstanding its decision to dismiss her federal law claims. See id.

It is not clear whether there are any differences in the elements of a state malicious prosecution claim and a federal malicious prosecution claim in the context presented here. Although McCaul argues that the two claims are different, she

- 8 -

only identifies an additional requirement under federal law that the plaintiff show a violation of her rights under the Fourth Amendment.  See Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002) ("In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law." (internal citations omitted)); see also Graham v. City of N.Y., 869 F. Supp. 2d 337, 356 (E.D.N.Y. 2012) ("While New York recognizes the tort of civil malicious prosecution, a claim for malicious prosecution under § 1983 may only arise where there has been a violation of the plaintiff's Fourth Amendment rights.").  In any event, even assuming the elements of a malicious prosecution claim under state and federal law are different, there is certainly substantial overlap.  See Boyd v. City of N.Y., 336 F.3d 72, 75 (2d Cir. 2003) ("The elements of  . . . malicious prosecution under § 1983 are substantially the same as the elements under New York law.  Therefore, the analysis of the state and the federal claims is identical." (citation and internal quotation marks omitted)).  Indeed, both state and federal malicious prosecution claims based on a civil action require a "special injury," as discussed below.  See, e.g., Engel v. CBS, Inc., 145 F.3d 499, 502 (2d Cir. 1998) (malicious prosecution claim under New York law must allege "special injury"); Yuan v. Rivera, 48 F. Supp. 2d 335, 349 (S.D.N.Y.) (malicious prosecution claim under 42 U.S.C. § 1983 must allege "special injury").

We conclude that the district court did not abuse its discretion in exercising supplemental jurisdiction to decide one but not all of McCaul's state law claims,[2] particularly where, as here, that cause of action was "substantially the same" as the federal claim, Boyd, 336 F.3d at 75, and did not "require the district court to resolve any novel or unsettled issues of state law," Mauro v. Southern New Eng. Telcomms., Inc., 208 F.3d 384, 388 (2d Cir. 2000).

On the merits, we conclude that the district court did not err in dismissing McCaul's malicious prosecution claim. To prevail in an action for malicious prosecution under New York law, McCaul must show: "1) the initiation of an action by the defendant against [her], 2) begun with malice, 3) without probable cause to believe it can succeed, 4) that ends in failure or, in other words, terminates in favor of the plaintiff." Engel, 145 F.3d at 502 (quoting O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996)). In addition, where the alleged malicious prosecution was a civil action, McCaul must also demonstrate a "special injury," i.e., "some interference with [the] plaintiff's person or property . . . beyond the ordinary burden of defending a lawsuit." Engel, 145 F.3d at 502 (quoting O'Brien, 101 F.3d at 1484); see also Engel v. CBS, Inc., 93 N.Y.2d 195, 205 (1999) ("What is 'special' about special injury is that the defendant must abide some concrete harm that is

___

[2] In its discretion, the district court declined to exercise supplementary jurisdiction over McCaul's state law claim for intentional infliction of emotional distress. See McCaul v. Ardsley Union Free Sch. Dist., No. 11 CV 5586, 2012 U.S. Dist. LEXIS 80888, at *13 (S.D.N.Y. May 3, 2012).

considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit."); Campion Funeral Home, Inc. v. State of N.Y., 569 N.Y.S.2d 518, 521 (3d Dep't 1991) (holding that claimants' legal expenses in defending the charges and injury to claimants' reputation "do not constitute special damages not normally attendant upon being sued").

Here, McCaul alleges that as a result of the neglect proceeding initiated on the basis of "bad information," she spent thousands of dollars to retain an attorney and suffered distress and anxiety.  She does not, however, allege any special injury beyond the ordinary physical, psychological, or financial demands of defending herself in the civil neglect proceeding.  Thus, the district court properly dismissed her malicious prosecution claim.

We have considered McCaul's remaining arguments and conclude that they lack merit.  Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk