■ In the Matter of ARTHUR F. GUNN, Respondent, v BENJAMIN WARD, as Commissioner of the New York State Department of Correctional Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Fishkill Correctional Facility penalizing the petitioner for a violation of the inmate behavior code, the appeal is from a judgment of the Supreme Court, Dutchess County, dated June 6, 1978, which (1) directed that the "disciplinary action taken by the Superintendent's hearing * * * be expunged" and (2) restored petitioner's good time. Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits. The petitioner, an inmate of the Fishkill Correctional Facility, was charged with committing a homosexual act with another prisoner in violation of the inmate behavior code. He was assigned an employee of the Department of Correctional Services to assist him pursuant to the rules of the department (7 NYCRR 253.3). Petitioner was determined to have committed the act alleged and was given 30 days in a special housing unit and 30 days' loss of good time. Petitioner instituted an administrative appeal alleging denial of due process under the Fourteenth Amendment. He contended, inter alia, that at the time of the Superintendent's proceeding the employee assigned to assist him was off duty and did not appear. The determination and sanctions were upheld. Petitioner then commenced this CPLR article 78 proceeding to review the administrative determination again asserting lack of due process. Special Term agreed with petitioner and held that section 253.3 of the rules of the Department of Correctional Services, when read in conjunction with the entire scheme set forth in Part 253 thereof (7 NYCRR Part 253), accorded an inmate the right to have an employee present at Superintendent's proceedings. We disagree with such interpretation. Minimal due process requirements are accorded to a prisoner under the circumstances here involved if he is (1) apprised of the charges against him in writing at least 24 hours prior to any determination being made thereon, (2) accorded an opportunity to respond to such charges, and (3) given a written statement from the fact finders as to the evidence relied upon and the reasons for the action taken (see *Wolff v McDonnell*, 418 US 539; *Matter of Amato v Ward*, 41 NY2d 469, 472; *Wilkinson v Skinner*, 34 NY2d 53, 58-59). A full-scale adversary hearing, including the rights to confrontation and counsel, is not required. It appears that the administrative rules here involved (7 NYCRR Part 253) confer greater protection upon an inmate than the courts or the Constitution require (see *Matter of Amato v Ward, supra,* p 473). As we read section 253.3 of the rules of the Department of Correctional Services, we are unable to construe it as did Special Term. Although such provision requires that the accused inmate be assigned a corrections employee to assist him, it appears that the role of such employee is merely investigatory in nature and that while his purpose is ostensibly to serve the inmate, his prime purpose is to offer the inmate the opportunities of telling his side of the story to someone who has the mobility he may not have to gather evidence on his behalf and search for the truth of the situation. According to the clear wording of the provision, this employee's responsibility ceases when he submits his report of the matter to the person in charge of the proceeding. There is no clear direction that such employee appear at any hearing together with the inmate or that he act as the inmate's counsel. A Superintendent's proceeding is not adversary in nature (see, generally, 7 NYCRR Part 253) and the prison situation does not lend

itself to having corrections officers or employees acting as attorneys at such a proceeding. Considering all of the foregoing, we conclude that section 253.3 of the rules of the Department of Correctional Services does not mandate that an employee be present at a Superintendent's disciplinary proceeding against an inmate of our State prisons, nor does its failure to do so violate the inmate's right to due process. We would also point out that this is the interpretation of the rule which has been adopted by prison officials. It has been held "that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438). Titone, J. P., Suozzi, O'Connor and Lazer, JJ., concur.