■ In the Matter of JAMES DEMPSEY, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination made after a superintendent's proceeding and to compel respondents to expunge from petitioner's institutional files all disciplinary records pertaining to that proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Delaney, J.), dated June 21, 1983, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

Inasmuch as a superintendent's proceeding is not a full-scale adversary hearing requiring that inmates be afforded the rights to confrontation and counsel (*Matter of Gunn v Ward,* 71 AD2d 856, affd 52 NY2d 1017), we deem petitioner's contentions regarding the denial of his right to call witnesses on his own behalf to be devoid of merit. The record clearly reflects that petitioner was unequivocally informed of his right to call witnesses, provided that he did not, by doing so, jeopardize institutional safety or correctional goals. The witnesses designated by

him were interviewed by the employee assistant in accordance with departmental regulations. At no point during the superintendent's proceeding did petitioner make any further requests or demands. Moreover, the superintendent's proceeding report is sufficient to provide a written basis for authorities. Indeed, such is the purpose of the written statement requirement (see *Matter of Amato v Ward,* 41 NY2d 469, 472; *Matter of Baker v Wilmot,* 65 AD2d 884, 885, app dsmd 46 NY2d 939).

Accordingly, the article 78 proceeding was properly dismissed. Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.