OPINION OF THE COURT
Harold E. Koreman, P. J.
Claimant, an inmate in defendant’s correctional system, brings this action sounding in malicious prosecution, false imprisonment, violation of statutory rights, and negligent investigation, all of which are premised on his confinement and punishment pursuant to an inmate misbehavior report and subsequent Superintendent’s hearing.
On October 13, 1983 an inmate misbehavior report charging claimant with possession of escape paraphernalia and contraband was issued, and claimant was thereupon placed in a special housing unit. A Superintendent’s hearing was convened on October 19, 1983 and was completed on October 26, 1983. The officer in charge found claimant guilty and assessed a penalty of 180 days’ confinement to special housing unit and a loss of good behavior allowance. This disposition was reviewed and affirmed by the Departmental Review Board on December 29, 1983. On March 28, 1984 claimant brought a CPLR article 78 proceeding seeking judicial review of the Superintendent’s determination. On December 12, 1984 the Commissioner of the Department of Correctional Services administratively reversed the Superintendent’s disposition, restored claimant’s lost good behavior allowance, and expunged all references to the misbehavior from claimant’s records.* On January 22, 1985 the Appellate Division granted the Commissioner’s motion to dismiss the petition on the ground of mootness.
*851 The rules of the Department of Correctional Services permit the confinement of an inmate to a cell where there are "reasonable grounds to believe that an inmate * * * represents an immediate threat to the safety, security or order of the facility” (7 NYCRR 251-1.6 [a]; see, Matter of Collins v Coughlin, 83 AD2d 657, 658). As was the case here, confinement to a special housing unit may commence with the issuance of a misbehavior report (7 NYCRR 251-1.6, 251-3.1, 251-5.1, 304.1 [c]; 304.4). " '[T]he construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld’ ” (Matter of Gunn v Ward, 71 AD2d 856, 857, affd 52 NY2d 1017, citing Matter of Howard v Wyman, 28 NY2d 434, 438). In this court’s opinion the more restrictive confinement here complained of, imposed under department rules, will not give rise to a common-law action for false imprisonment. While the law does recognize an action for money damages for the intentional and malicious segregation of an inmate (see, Wilkinson v Skinner, 34 NY2d 53), such an action is predicated on the malicious conduct of correction officers or officials. In contrast, the presence of malice is not an essential element of a common-law action for false imprisonment (Broughton v State of New York, 37 NY2d 451, 457). To hold the Correction Department liable for actions sounding in false imprisonment would subject it to a higher standard than heretofore required. This threat of civil liability, even in the absence of malice or bad faith, would place a severe limitation on the ability of the Commissioner to control and operate correctional facilities, a limitation which this court should not and will not occasion (see, Wilkinson v Skinner, 34 NY2d 53, 62, supra).
Turning to the claim for malicious prosecution, we do not believe that a Superintendent’s hearing is the type of proceeding which will form the basis for a subsequent malicious prosecution claim. Although claimant correctly points out that certain administrative proceedings are sufficiently akin to judicial proceedings so as to permit actions for malicious prosecution (see, Groat v Town Bd., 73 AD2d 426) it must be noted that this rule applies to administrative proceedings which provide for a "hearing and trial of the issues on evidence and testimony under oath, with the right of cross-examination” (supra, at p 429). In contrast, a Superintendent’s hearing is not a full-scale adversarial hearing. The only requirements of said proceeding are that the inmate be (1) *852 apprised of the charges against him in writing at least 24 hours prior to any hearing, (2) accorded an opportunity to respond to said charges, and (3) given a written statement from the fact finders of the evidence relied on and the reasons for the action taken. The right to confrontation and assistance of counsel are not required (see, 7 NYCRR part 254; Matter of Gunn v Ward, 71 AD2d 856, supra), and an inmate can be denied the privilege of calling witnesses where their presence would "jeopardize institutional safety or correctional goals” (7 NYCRR 254.5 [b]; Matter of Cortez v Coughlin, 67 NY2d 907). We must conclude that a malicious prosecution action will not lie by reason of the ultimate dismissal of charges considered at a Superintendent’s hearing conducted in a State correctional facility. Rather, the Commissioner’s right to carry out constitutionally permissible discipline and his power to establish rules governing proceedings within correctional institutions (Correction Law § 112) mandates that no such action be permitted (see, Matter of Gunn v Ward, 71 AD2d 856, supra). Any constitutional due process violations which may arise through the application of prison rules can be addressed either in a Federal civil rights action or through a declaratory judgment or CPLR article 78 proceeding in Supreme Court (see generally, Wilkinson v Skinner, 34 NY2d 53, 62, supra; Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying, 83 AD2d 723, affd 56 NY2d 656; Brody v Leamy, 90 Misc 2d 1, 6, 23).
As to the cause of action based on claimed violations of certain statutory rights (viz., CPLR 7803; 7 NYCRR 250.2, part 251, 254.5 [b]; 254.6 [a]), none of the cited statutes or rules provide for an action at law on which money damages could be awarded (see generally, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314), and the allegations set out in claimant’s third cause of action do not, standing alone, establish a claim for negligence.
Finally, there exists no cause of action for negligent investigation (La Mar v Town of Greece, 97 AD2d 955, 956; see, Jestic v Long Is. Sav. Bank, 81 AD2d 255). Claimant’s attempt on this motion to characterize the negligent investigation action as one for abuse of process is without merit; among other deficiencies the claim fails to allege actual or special damages (Board of Educ. v Farmingdale Union Free School Dist., 38 NY2d 397, 405).
*853 In accordance with all of the foregoing, defendant’s motion to dismiss is granted.

 Claimant’s assignment to special housing had been suspended on February 7, 1984, after he had been in the special housing unit for a period of 120 days.