09-4894-cv
Storman v. Klein

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand ten.

PRESENT:   ROGER J. MINER,
                       BARRINGTON D. PARKER,
                       REENA RAGGI,
                                   *Circuit Judges*,

-----------------------------------------------------------------------
GLENN STORMAN,
                                   *Plaintiff-Appellant*,

                       v.                                                          No. 09-4894-cv

JOEL I. KLEIN, in his capacity as Chancellor
of the New York City Department of Education,
NEW YORK CITY DEPARTMENT OF EDUCATION,
JOSEPHINE MARSELLA, DENNIS BOYLES,
                                   *Defendants-Appellees*.[*]
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        JOHN C. KLOTZ, Esq., New York, New York.

_____

[*] The Clerk of the Court is directed to amend the caption to read as shown above.

1

APPEARING FOR APPELLEES: KAREN M. GRIFFIN, of Counsel (Francis F. Caputo, of Counsel, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*; Andrew J. Peck, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 29, 2009, is AFFIRMED.

Guidance counselor Glenn Storman sued defendants the New York City Department of Education ("DOE"), Chancellor Joel I. Klein, Principal Josephine Marsella, and DOE Investigator Dennis Boyles pursuant to 42 U.S.C. § 1983 for: (1) depriving him of liberty and property without due process in rating him "unsatisfactory" for the 2004-2005 school year, which resulted in his ineligibility for summer school work, loss of attendant extra income, and other harms; and (2) violating the First Amendment by retaliating against him for filing a lawsuit challenging the conduct underlying his first claim. Storman appeals from an award of summary judgment in favor of defendants on the first claim, dismissal of the second claim, and denial of his motion to amend the complaint. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1.      Due Process Claim

Storman contends that the district court erred in concluding that the statute of limitations compelled an award of summary judgment on his due process claim. We review the application of the statute of limitations de novo. See Somoza v. N.Y.C. Dep't of Educ., 538 F.3d 106, 112 (2d Cir. 2008). The limitations period for a § 1983 claim in New York is three years. See McKithen v. Brown, 481 F.3d 89, 100 n.12 (2d Cir. 2007). A claim accrues, and the limitations period begins to run, "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Covington v. City of New York, 171 F.3d 117, 121 (2d Cir. 1999) (internal quotation marks omitted).

Storman concedes that he was notified no later than July 12, 2005, that he had received an unsatisfactory rating for the 2004-2005 school year, and that he was then aware that the rating would render him ineligible for summer school work. The district court thus correctly held that his due process claim accrued by that date and that the instant lawsuit, filed on January 13, 2009, was untimely. Even taking into account a 145-day tolling period – credited by the district court for the time when Storman's adverse rating was on remand to the DOE under a state court order – the limitations period on Storman's due process claim ran out in December 2009, one month before he filed his complaint.

In urging otherwise, Storman argues, for the first time on appeal, that his due process claim "sounds in malicious prosecution," Appellant's Br. at 17-18, and thus did not accrue until the termination of disciplinary proceedings in his favor. See Palmer v. New York, 57

3

A.D.3d 364, 364, 870 N.Y.S.2d 11, 12 (1st Dep't 2008) (holding that malicious prosecution claim accrues when underlying prosecution is terminated). In Storman's view, this occurred on May 11, 2009, when the New York Supreme Court in parallel Article 78 proceedings annulled the 2004-2005 unsatisfactory rating. See Storman v. N.Y.C. Dep't of Educ., Index No. 113652/08, slip op. at 8 (N.Y. Sup. Ct. May 11, 2009) (Decision and Order). We are not persuaded.

It is doubtful that Storman's due process claim "sounds in malicious prosecution." While "certain administrative proceedings are sufficiently akin to judicial proceedings so as to permit actions for malicious prosecution" under New York law, Treacy v. New York, 131 Misc. 2d 849, 851, 501 N.Y.S.2d 1005, 1006 (N.Y. Ct. Cl. 1986) (citing Groat v. Town Bd. of Glenville, 73 A.D.2d 426, 426 N.Y.S.2d 339 (3d Dep't 1980)), this generally pertains only to those administrative proceedings having "sufficient attributes of judicial proceedings," such as "a hearing and trial of the issues on evidence and testimony under oath, with the right of cross-examination," Groat v. Town Bd. of Glenville, 73 A.D.2d at 429, 426 N.Y.S.2d at 341. No record evidence indicates that the disciplinary proceedings resulting in Storman's unsatisfactory rating possessed the necessary attributes.

We need not, however, conclusively resolve the question because Storman's failure to raise his malicious prosecution argument in the district court forfeits the point on appeal. See Sniado v. Bank Austria AG, 378 F.3d 210, 213 (2d Cir. 2004). While we can waive this prudential rule "where necessary to avoid a manifest injustice or where the argument presents

4

a question of law and there is no need for additional fact-finding," id., we decline to do so here because the statute of limitations issue was extensively litigated in the district court with Storman never raising his malicious prosecution theory or suggesting that May 11, 2009, was the correct accrual date. In sum, equitable factors do not weigh in favor of discretionary review of a belated argument that was available below. See id.

2. First Amendment Retaliation Claim

We review the dismissal of Storman's First Amendment claim de novo, see Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009), consistent with the pleading principles articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007).

Public employee speech is protected from employer retaliation under the First Amendment only where "the employee spoke as a citizen on a matter of public concern." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006); accord Sousa v. Roque, 578 F.3d 164, 169-70 (2d Cir. 2009). The same rule applies where the allegedly protected conduct is the filing of a lawsuit. See Ruotolo v. City of New York, 514 F.3d 184, 188-90 (2d Cir. 2008) (affirming dismissal where "lawsuit did not constitute speech on a matter of public concern"); see also Salas v. Wisc. Dep't of Corr., 493 F.3d 913, 925 (7th Cir. 2007); Rendish v. City of Tacoma, 123 F.3d 1216, 1221 (9th Cir. 1997). "An employee who complains solely about his own dissatisfaction with the conditions of his own employment is speaking upon matters only of personal interest." Sousa v. Roque, 578 F.3d at 174 (internal quotation marks omitted).

5

Nonetheless, "it does not follow that a person <u>motivated</u> by a personal grievance cannot be speaking on a matter of public concern." <u>Id.</u> (emphasis in original).

The acts of retaliation and other misconduct alleged in support of Storman's First Amendment claim affected him alone. He complains solely of personal damages to his income, retirement benefits, reputation, and physical and emotional well-being. The relief sought – $2,000,000 in damages – is entirely personal to Storman. On this record, the district court correctly concluded that "Storman's suit addresses solely personal grievances . . . and seeks relief only for himself. Accordingly, it does not address a matter of public concern or warrant First Amendment protection." <u>Storman v. Klein</u>, No. 09 Civ. 338, slip op. at 3 (S.D.N.Y. Aug. 17, 2009) (internal quotation marks omitted); <u>see also</u> <u>Ruotolo v. City of New York</u>, 514 F.3d at 189-90. Regardless of whether, as Storman asserts on appeal, the district court improperly treated Storman's motivation in bringing the lawsuit as dispositive of the public concern question, dismissal of the First Amendment retaliation claim was proper here, where no matter of public concern was in fact implicated.

3.    <u>Denial of Leave To Amend the Complaint</u>

We review a district court's denial of leave to amend a complaint for abuse of discretion. <u>See</u> <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 108 (2d Cir. 2007). Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." <u>Holmes v. Grubman</u>, 568

6

F.3d 329, 334 (2d Cir. 2009) (internal quotation marks omitted).

Having dismissed Storman's First Amendment claim for "failure to allege the existence of protected . . . conduct that would give rise to an actionable claim for retaliation," the district court concluded that "[a]n amended complaint would be unable to cure that defect because . . . he would not be able to 'transform a personal grievance into a matter of public concern by invoking a supposed popular interest in' broader issues." Storman v. Klein, No. 09 Civ. 338, slip op. at 4 (S.D.N.Y. Aug. 17, 2009) (quoting Ruotolo v. City of New York, 514 F.3d at 190). Under the circumstances of this case, that futility determination was well within the district court's discretion.

4.      Conclusion

We have considered Storman's other arguments on appeal and conclude that they are without merit. For the foregoing reasons, the October 29, 2009 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court