■ FRANCES BEIN, Respondent, v COUNTY OF NASSAU et al., Appellants. [987 NYS2d 416]—

In an action, inter alia, to recover damages pursuant to 42

USC § 1983 for violation of constitutional rights under color of state law, the defendants appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered June 4, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action alleging, inter alia, violations of her constitutional rights in the course of her employment with the defendant Nassau County Police Department.

Contrary to the determination of the Supreme Court, the defendants demonstrated their entitlement to judgment as a matter of law dismissing the first cause of action, which alleged violations of the plaintiff's rights to equal protection and due process. The plaintiff based her equal protection claim on the "class of one" theory, that is, she alleged that she was subject to adverse employment consequences not because of her membership in an identified class of persons based on categories such as race, sex, and national origin, but simply for arbitrary, vindictive, and malicious reasons. The defendants established, prima facie, that an equal protection claim based on a "class of one" theory cannot be asserted in the public employment context (see *Engquist v Oregon Dept. of Agriculture*, 553 US 591, 605-607 [2008]). With respect to the due process claim, the defendants established that the plaintiff was not deprived of a constitutionally protected property right (see *Adler v County of Nassau*, 113 F Supp 2d 423, 429 [ED NY 2000]).

The defendants likewise established their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, which alleged a First Amendment retaliation claim, by showing that the conduct claimed by the plaintiff to have triggered the alleged retaliation, consisting of the filing of a prior lawsuit and the ticketing of the plaintiff's off-duty police coworker for a traffic infraction, did not constitute protected speech (see *Storman v Klein*, 395 Fed Appx 790, 793-794 [2d Cir 2010]).

Additionally, with regard to the third cause of action, sounding in negligent hiring and negligent employee supervision, and seeking damages for emotional harm, the defendants demonstrated that the plaintiff failed to timely serve a notice of claim upon them as a condition precedent to the assertion of this claim (see *Davidson v Bronx Mun. Hosp.*, 64 NY2d 59 [1984]; *Santoro v Town of Smithtown*, 40 AD3d 736 [2007]).

Since the plaintiff failed to raise a triable issue of fact in op-

position to the defendants' prima facie showings, the defendants' motion for summary judgment dismissing the complaint should have been granted in its entirety (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.